[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT ON THIRD COUNT
In the third count of her complaint, dated March 18, 1992, the plaintiff alleges that she was injured when a windswept piece of ceiling tile struck her in the face and stomach while she was walking outside at 3 Farm Glen Boulevard, Farmington, Connecticut. The plaintiff claims that defendant CNA Assurance Company of Connecticut (CNA), a lessee of the aforementioned premises, was negligent and that the plaintiff was injured as a result of defendant CNA's negligence.
CNA moves for summary judgment on the third count on the ground that it owed no duty to the plaintiff, as it did not own, maintain, possess or control the area in which the plaintiff was allegedly injured or the ceiling tiles which allegedly caused injury to the plaintiff.
In support of its motion, CNA submitted a copy of the complaint, a copy of defendant CNA's lease for the subject premises dated February 12, 1986 and an affidavit of Debbie Biloskira, the service manager at defendant company. The affiant states that her department placed a maintenance request with defendant J S Development Management Company (J S Development), for the replacement of stained ceiling tiles from CNA's office, and that CNA "did not and still does not own, maintain, possess or control" the building located at 3 Farm Glen Boulevard, the outside of that building where the plaintiff allegedly was injured, or the ceiling tiles which allegedly caused injury to the plaintiff.
On December 22, 1992, defendant J S Development, the company that allegedly engaged in construction and renovation at the subject premises, and defendant A. J. S. Associates, II ("A. J. S", the owner of the subject premises, filed a memorandum of law in opposition to defendant CNA's motion for summary judgment. They also submitted a copy of the lease between CNA and A. J. S. dated February 12, 1986, and CT Page 5223 assert that the lease demonstrates that the parties intended the tenant to bear the share of expenses associated with the management and operation of the subject premises.
The standard to be applied in determining whether summary judgment should be granted is whether the party would be entitled to a directed verdict on the same facts. Connelly v. Housing Authority, 213 Conn. 354, 364 (1990). "In Connecticut, a directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." United Oil Co. v. Urban Redevelopment Commission,158 Conn. 364, 380 (1969).
The resolution of whether defendant CNA had control over the subject premises or ceiling tiles involves a "question of the intent of the parties, to be determined, as a matter of fact, from the language of the [lease], the circumstances attending its negotiation, and the conduct of the parties in relation thereto." Miller v. Bourquin,28 Conn. App. 491, 498, (1992), quoting Kakalik v. Bernardo,184 Conn. 386, 393, (1981). Questions of motive and intent should not be resolved by summary judgment. Multi-Service Contractors, Inc. v. Vernon, 193 Conn. 446, 451, 477 A.2d 653
(1984).
Moreover, CNA's ownership, maintenance, possession or control of the common areas may not be the sole basis for imposing negligence on CNA. Although the plaintiff does not specifically allege in her complaint that the ceiling tile came from defendant CNA's premises, for purposes of this motion for summary judgment, it can reasonably be inferred from the facts and evidence alleged that the tiles did, indeed, come from the CNA's premises, particularly since no party denies this.
In Connecticut, issues of negligence are ordinarily not susceptible to summary adjudication but should be resolved by trial in the ordinary manner. Fogarty v. Rashaw, 193 Conn. 442,446 (1984), quoting Spencer v. Good Earth Restaurant Corp., 164 Conn. 194 (1972).
Because there are unresolved questions of fact, the motion for summary judgment must fail. It is noted however, CT Page 5224 that the allegations in the third count are subject to a claim of legal insufficiency which has not been raised.
Motion for Summary Judgment Denied.
Wagner, J.