[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT
The plaintiff, The Product Equipment Company, has filed a CT Page 6439 three count substituted complaint against the defendant, Blakeslee Arpaia Chapman, Inc., alleging breach of contract, quantum meruit and a CUTPA violation, all arising out of an agreement to design and fabricate a trolley system/platform drive on a site owned by the State of Connecticut. The plaintiff now seeks summary judgment solely as to liability on count one (breach of contract), claiming that no genuine issue of material fact exists, and that the plaintiff is entitled to judgment as a matter of law. The defendant has filed a memorandum in opposition to summary judgment.
"Pursuant to Practice Book Section 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 105, 639 A.2d 507 (1994). The evidence is viewed in the light most favorable to the nonmoving party. Id. A material fact is a "fact which will make a difference in the result of the case." Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578, 573 A.2d 699 (1990).
The plaintiff argues that it performed labor and furnished or supplied materials for the job site, and that the defendant-general contractor failed to pay in accordance with their agreement. The plaintiff additionally argues that the defendant failed to notify the plaintiff of its reason for nonpayment in violation of General Statutes § 49-41a(b). The plaintiff presented the affidavit of Roswell T. Davis, an officer of the plaintiff corporation, to the effect that it substantially provided the required labor and material at the job site and that the defendant failed to pay the amount due under the contract. At oral argument, the plaintiff's attorney argued that based on these facts, liability was established, and the only dispute was as to the amount owed to the plaintiff.
The defendant argues that the plaintiff failed to comply with the terms and conditions of the contract, and therefore it was the plaintiff that breached its contract with the defendant. The defendant submitted the affidavit of David Chapman, an engineer employed by the defendant, who was the project engineer for the project at issue. Chapman attested that the plaintiff breached the contract in several ways, and specified ten particular failures, including noncompliance with contract specifications, noncompliance with Connecticut State Department of Transportation CT Page 6440 specifications, unsafe design, and the project's incapacity to perform its required purpose. Chapman also attested that the defendant was forced to redesign and refabricate the trolley system/platform drive assembly. He further stated that the plaintiff did not substantially perform the contract, and that the defendant did not breach the contract, and that the defendant does not owe any money to the plaintiff.
The defendant also supplied the affidavit of Raffaele Aschettino, a licensed engineer with the firm of Spiegel Zamecnik Shah. Aschettino attested that the trolley system was structurally inadequate and unsafe, and that it did not comply with the specifications of the State of Connecticut.
"Whether a building contract has been substantially performed is ordinarily a question of fact for the trier to determine."Nor'easter Group, Inc. v. Colossale Concrete, Inc., 207 Conn. 468,472, 542 A.2d 692 (1988). "The analysis necessarily involves an inquiry into the totality of facts and circumstances surrounding the performance of the contract." Miller v. Bourgoin,28 Conn. App. 491, 496, 613 A.2d 292, cert. denied, 223 Conn. 927,614 A.2d 825 (1992).
In this case, the defendant has demonstrated that many material facts concerning liability remain in dispute. Accordingly, the plaintiff's motion for summary judgment as to the first count is denied.
Jonathan E. Silbert, Judge