[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S INTERLOCUTORY MOTION FOR SUMMARYJUDGMENT ON LIABILITY (No. 112)
A. FACTS:
The plaintiff, Attorney Henry Marcus, alleges that he provided legal services to the defendant, Mark T. Wall, from 4/25/90 through 12/7/93, at the defendant's request. The plaintiff alleges that the defendant signed a fee agreement detailing the compensation to the plaintiff for the representation. The plaintiff alleges that he submitted a bill to the defendant for his services which the defendant has not paid. As a result, the plaintiff has filed this action and the motion for summary judgement as to liability, which is currently before the court.
B. DISCUSSION:
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."Miller v. United Technologies Corp., 233 Conn. 732, 745,660 A.2d 810 (1995). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Catz v.Rubenstein, 201 Conn. 39, 48, 513 A.2d 98 (1986). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (citations omitted, internal quotation marks omitted.) New Milford Savings Bank v. Roina,38 Conn. App. 240, 244, 659 A.2d 1226 (1995); Suarez v.CT Page 1287-PPDickmont Plastics Corp., supra 229 Conn. 105.
Essentially, the defendant's counter-affidavit alleges that the plaintiff has failed to demonstrate that he substantially performed under the relevant contract involved, as herein quoted:
 "The work that Attorney Marcus performed on my behalf was of poor quality and was performed in a negligent manner on his part. As a result of his failure to substantially perform under the contract, I was convicted . . . forced to retain the services of another attorney to appeal these convictions at a great expense . . ."
 Further, "Attorney Marcus' performance under all of the contracts . . . was substandard and not at the level of competence and expertise for which I bargained. Among other things Attorney Marcus failed to perform effective cross-examination of the State's witnesses, he failed to take advantage of defenses which existed, he failed to preserve errors of the Trial Court for appeal. . ."
 Lastly, "[W]ith regard to the suit for personal injuries . . . Attorney Marcus failed to substantially perform under the contract by failing to have a lawsuit served in a timely manner . . . failing to properly gather evidence . . ."
Whether a contract has been substantially performed is ordinarily a question of fact for the trier to determine.Nor'easter Group, Inc. v. Colossale Concrete Inc., 207 Conn. 468,472, 542 A.2d 692 (1988); Miller v. Bourgoin, 28 Conn. App. 491,496, 613 A.2d 292, cert. denied, 223 Conn. 927, 614 A.2d 825
(1992) (the trial court incorrectly granted a motion for summary judgement where material questions of fact existed whether the plaintiff had substantially performed under the contract).
In the opinion of this court, the defendant's counter-affidavit raises several questions of material fact CT Page 1287-QQ regarding whether the plaintiff has substantially performed. Construing these facts in the light most favorable to the defendant, these material questions preclude the granting of the motion for summary judgment.
C. CONCLUSION:
For the reasons herein stated, it is concluded that the defendant's motion for summary judgment as to liability, ought to be and is hereby denied.
It is so ordered,
SALVATORE F. ARENA, J. JUDGE, SUPERIOR COURT