[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
I. FACTUAL AND PROCEDURAL BACKGROUND
The plaintiff as pro se commenced this action on February 16, 1994, against the corporate defendant, United Technologies Corporation (UTC) and eight individual defendants (Robert Kuhn, Fred Morris, Harry Garfinkel, Marlin Knight, Chris Poythress, Steve Mason, Frank McAbee, and Tom Furtado) subsequent to his termination of employment at UTC. Since the CT Page 4109-Q inception of this action, numerous motions have been filed, argued, and ruled on which necessitated many revisions to plaintiff's original complaint. The operative complaint, designated as "Revision I", alleges forty-four counts encompassing ten different causes of action: Tortious Interference with an Employment Relationship, Tortious Interference with a Contractual Relationship, Unintentional Infliction of Emotional Distress, Fraud, and Slander against the individual defendants and Negligence, Breach of Contract, Unintentional Infliction of Emotional Distress, Fraud, Unjust Enrichment, Negligent Misrepresentation, and a violation of C.G.S. § 31-71e against UTC.
These specific counts revolve around the plaintiff's contention that he was wrongfully terminated and his termination was a retaliation for remarks he made about the running of Hamilton Standard, the division of UTC for which he was employed. He claims that some of these individual defendants conspired against him in seeing that the termination took place, and they failed to conduct an investigation of his claims. The plaintiff claims that UTC is also responsible for the actions of these individual defendants under the same theories that the individuals are responsible.
By motion dated April 4, 1996, UTC and all the individual defendants filed a Motion for Summary Judgment as to all forty-four counts of plaintiff's complaint. Plaintiff filed a Memorandum Opposing the Motion for Summary Judgment, dated April 29, 1996. The court heard oral argument on the motion on May 6, 1996. All parties were present and had an opportunity to be heard.
II. DISCUSSION
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."Miller v. United Technologies Corp., 233 Conn. 732, 745 (1995); Practice Book § 364. "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotations omitted). Catzv. Rubenstein, 201 Conn. 39, 48 (1986). The party moving for summary judgment has the burden of proving the absence of any genuine issues as to all the material facts, which under applicable principles of substantive law, entitle him to judgment as CT Page 4109-R a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. Suarez v. Dickmont Plastics Corp., 229 Conn. 99,105 (1994); Miller, supra at 744.
In dealing with this motion, the court will follow the same order followed by the defendants in their motion.
 A. Tortious Interference with an Employment Relationship
(Counts 1, 7, 12, 16, 20, 24, 27, and 30 as to the defendants Kuhn, McAbee, Garfinkel, Poythress, Knight, Mason and Furtado)
The defendants claim that in order for plaintiff to prevail on this cause of action, the plaintiff must satisfy four elements: 1.) the defendants were guilty of fraud, misrepresentation, intimidation, molestation, or malice; 2.) the defendants intentionally and improperly interfered with the employment relationship; 3.) the plaintiff suffered an injury by some measure beyond the fact of interference itself; and 4.) the defendants acted beyond their scope of authority. Robert S. Weiss Assocs.,Inc. v. Weiderlight, 208 Conn. 525 (1988). The defendants then argue that there is no evidence to support these elements and plaintiff is relying on hearsay to prove his case.
Plaintiff counterargues that defendant Kuhn issued a directive to have him terminated and other individual defendants carried out this directive, the process used for his termination was improper, and plaintiff was put in jeopardy by participating in the DIALOG and Straight Talk programs.
This court finds that whether or not any of these individuals acted intentionally or whether or not their respective testimony and explanations are plausible or credible is a question of fact for the jury. Furthermore, until actual statements are offered at trial in a particular context, it is impossible for this court to determine whether such statements constitute hearsay as the defendants claim. Finally, one of the crucial elements of this cause of action is intent. A question of intent raises an issue of material fact, which cannot be decided on a motion for summary judgment. Picataggio v. Romeo, 36 Conn. App. 791 (1995). Accordingly, defendants' Motion for Summary Judgment as to these counts against the specified defendants is denied. CT Page 4109-S
 B. Tortious Interference with Contractual Relationship/Breach of Contract
(Counts 2, 3, 4, 8, 9, 13, 14, 17, 18, 21, 22, 25, 28, 31, 34, 35, and 36 as to the defendants Kuhn, Morris, Garfinkel, Poythress, Knight, McAbee, Mason and Furtado)
Through these allegations, plaintiff argues that the defendants Kuhn, Morris, Garfinkel, Poythress and Knight denied him a promotion, all the defendants are responsible for his termination, and the defendant Kuhn denied him compensation in exchange for professional services. Additionally, the plaintiff claims that UTC breached its contract with the plaintiff by virtue of the denial of promotion, the termination, and the denial of compensation.
Defendants argue that there is no evidence to establish that a contract existed regarding promotion, termination, and compensation. Defendants argue that the plaintiff must prove that there was a definite promise made by UTC which the plaintiff accepted and this promise manifested a "present intention" on the part of the defendant UTC to undertake a contractual obligation.D'Ulisse-Cupo v. Bd. of Directors of Notre Dame High School,202 Conn. 205 (1987).
This court finds that whether or not a contract existed is a question of fact for the jury. Whether or not certain policies and manuals cited by the plaintiff constitute a contract between the parties is a question of fact for the jury. Whether or not there was a meeting of the minds to establish a contract is a question of fact for the jury. This finding extends to all contract claims: denial of promotion, termination, and denial of compensation. This court is not persuaded by defendants' oral argument that the contract claims are based on the claim of tortious conduct of defendant Kuhn; no admissible evidence exists in that regard; and therefore, there can be no contract. Accordingly, the defendants' Motion for Summary Judgement as to these counts is denied.
 C. Negligent Infliction of Emotional Distress
(Counts 5, 10, 15, 19, 23, 26, 29, 32, and 37 as to all defendants)
The defendants argue that in order to prove negligent CT Page 4109-T infliction of emotional distress, the plaintiff must show that the defendants should have realized their conduct involved an unreasonable risk of causing distress to the plaintiff, and they should have realized that the distress, if caused, might result in illness or bodily harm to the plaintiff. Barrett v. DanburyHospital, 232 Conn. 242 (1995). Defendants further argue that the plaintiff cannot prove that the defendants' conduct fulfilled these two elements.
Plaintiff argues that defendants' conduct when viewed together constituted conduct which all the individual defendants knew was wrong and which they knew would cause injury to the plaintiff in terms of his lost job, lost benefits, and lost social ties with his job. The plaintiff further claims that if a proper investigation had been conducted by the defendants, he would not have been terminated. He finally contends that such a proper investigation was deliberately not conducted.
Whether or not plaintiff's claims can sustain a cause of action for negligent infliction of emotional distress is clearly a question of fact for the jury. Accordingly, the defendants' Motion for Summary Judgment is denied as to these counts.
 D. Fraud
(Counts 6, 11, and 38 as to Kuhn, Morris and UTC)
Defendants contend that plaintiff can not prevail on this cause of action because he cannot prove that 1.) the defendants made statements as to a material matter; 2.) the fact represented was untrue and the defendants knew it was untrue; 3.) the statements were made with the intent to induce the plaintiff to act on them; and 4.) the plaintiff did act on these statements to his detriment. Weisman v. Kaspar, 233 Conn. 531 (1995). Defendants claim that plaintiff bases his argument on the claim that he was told there would be no executive bonuses in 1993. Based on this representation, plaintiff continued to work at UTC.
Plaintiff argues that defendants' analysis of why he stayed at UTC is a "bizarre interpretation". Plaintiff convincingly argues that statements made, people's intent in making them, and a person's reliance on the same deal with questions of motive, intent, and subjective feelings. Summary judgment is inappropriate where these issues are at question. "It is only when the witnesses are present and subject to cross-examination that their CT Page 4109-U credibility and the weight to be given to their testimony can be appraised." Miller v. Bourgoin, 28 Conn. App. 491, 497-98. Whether or not statements made about management bonuses is true or untrue is a question of fact and credibility for the jury. Whether or not the plaintiff's reliance existed and/or was reasonable, and whether or not he suffered a detriment are all questions of fact for the jury. Accordingly, defendants' Motion for Summary Judgment is denied as to these counts.
 E. Negligence
(Count 33 as to UTC)
Of all the defendants' respective arguments, this one is the least clear to the court. Defendant UTC argues that there can be no negligence cause of action against it; plaintiff claims that the breach of duty arises from the breach of UTC's Code of Ethics. Defendant UTC argues that if anything, this is a contract claim and further, it argues earlier in its memorandum that there can be no contract between the plaintiff and UTC based on the Code of Ethics. Defendant finally argues that the plaintiff has failed to state a cause of action upon which relief can be granted.
The court finds defendant UTC's last argument the basis for a Motion to Strike, not an argument which is properly raised in a Motion for Summary Judgment. See Practice Book § 152(1). Perhaps UTC did owe a duty, in the absence of a contract, to the plaintiff. That issue is unresolvable until the jury decides the question of fact as to whether or not a contract existed. If a contract existed, then this count may be duplicative of the breach of contract counts. If the jury finds that a contract did not exist, then the issue of whether or not UTC owed the plaintiff a duty outside the scope of an employment contract, depending on the evidence at trial, might be addressed by the jury.
Accordingly, defendant UTC's Motion for Summary Judgment on this negligence count is denied.
 F. Unjust Enrichment
(Count 39 as to UTC)
The defendant UTC again cites the Weisman v. Kaspar,
supra standard for establishing unjust enrichment. The plaintiff must prove: 1.) that UTC directly and unjustly benefited by its actions and 2.) the benefit was unjust to the plaintiff's detriment. Defendant UTC argues that there is no plausible way that CT Page 4109-V benefited by paying executive bonuses in 1993. Defendant argues that since there is no contract between the parties, the plaintiff cannot prevail on an unjust enrichment claim.
As this court has ruled earlier in this decision, whether or not there was a contract between UTC and the plaintiff is a question of fact for a jury to decide. Further, it is a question of fact for a jury to decide whether or not, given plaintiff's claimed work sacrifices and the executive bonuses, UTC benefited to rise to the level of unjust enrichment.
Accordingly, the Motion for Summary Judgment as to this count is denied.
 G. Negligent Misrepresentation
(Counts 40 and 41 as to defendant UTC)
As to count 40, plaintiff's claim is that he was told the Straight Talk and Dialog programs were protected forums. Subsequent to his participation in these programs, he was told they were not protected forums. Plaintiff claims he was "lulled . . . into detrimental participation which cost him a promotion and his job." (Plaintiff's Memorandum, p. 64).
As to count 41, plaintiff's claim is that management made false representations to him regarding the 1993 executive bonuses which in turn induced him to "continue his employment and comply with the cost-saving policies, including compensation and labor sacrifices." (Defendants' Memorandum, p. 75).
Defendant UTC argues that in order to prove negligent misrepresentation the plaintiff must prove that 1.) UTC negligently supplied him with false information, and 2.) the plaintiff relied upon false information to his detriment. Williams Ford,Inc. v. Hartford Courant Co., 232 Conn. 559 (1995).
Once again, this court finds that whether or not Straight Talk and Dialog were protected forums, whether or not plaintiff can prove that he was retaliated against due to his participation in same, and whether or not the statement made to plaintiff (and whether or not it was even made) was true or false are all questions of fact for the jury. Accordingly, the defendant UTC's Motion for Summary Judgment is denied as to this count.
H. Violation of Section 31-71e C.G.S.
CT Page 4109-W (Count 42 as to UTC)
Finally, plaintiff alleges in this count that the defendant improperly withheld money from his pay. The defendant UTC argues in its memorandum that no money was withheld; the company that this was an "adjustment" on plaintiff's check stub; plaintiff received all money "due" him. According to defendant's argument, this was a bona fide salary reduction, not an illegal deduction.
Whether or not plaintiff's salary reduction was a bona fide one or an illegal one is a question of fact for a jury to decide after it has heard all the evidence. Accordingly, defendant's Motion for Summary Judgment as to this count is denied.
This court does not disagree with the defendants that the plaintiff is bound at trial by what he has pled in his complaint. Lundberg v. Kovacs, 172 Conn. 229 (1977). This court does not feel, however, that any of the counts of plaintiff's complaint should be disposed of by a Motion for Summary Judgment. This court is not persuaded by defendants' argument that what is before this court is not a case of "he said, she said, they said". On the contrary, this court finds this case to be filled with these contradictions as well as filled with the actual credibility itself of each of the "key players" in this case. On this basis, each of the eight legal areas which comprise the plaintiff's forty-four count complaint present genuine issues of material fact. Since that is the case, the granting of a motion for summary judgment on any of these counts would not be appropriate.
III. CONCLUSION
The defendants' Motion for Summary Judgment is denied in its entirety.
SUSAN B. HANDY, JUDGE OF THE SUPERIOR COURT.