[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a personal injury action arising out of an automobile accident. The plaintiff, Karen DiFronzo, alleges that the defendant Ryan S. Krane[1]
caused the accident and that both defendants Ryan S. Krane and Susan Krane are liable for the defendant's negligence and recklessness.
The undisputed facts are as follows: On March 3, 1997, the plaintiff and the defendant were each operating a motor vehicle proceeding on Brainard Road, Enfield, Connecticut near the intersection with East Forest Drive. The plaintiff was traveling in a westerly direction, and the defendant was traveling in an easterly direction when at approximately 4:15 p.m., the defendant, after adjusting his rearview mirror and without again rechecking oncoming traffic, attempted to make a left-hand turn directly in front of the plaintiff's vehicle causing the two vehicles to collide. At the time of the collision, the defendant was driving a vehicle owned by his mother, the defendant Susan Krane.
On October 29, 1999, the defendants filed a motion for partial summary judgment on counts two and three and the corresponding second and third paragraphs of the prayer for relief[2] of the plaintiff's second amended complaint (#121). The defendants also filed a memorandum in support of their motion together with a certified affidavit of the defendant. The plaintiff filed an objection to the defendants' motion and a memorandum in support thereof on January 10, 2000 (#127)[3] The plaintiff's objection memorandum included a certified affidavit of the CT Page 6573 plaintiff, excerpts from deposition transcripts of both the plaintiff and the defendant and a certified copy of the police report on the accident.[4] A reply memorandum, filed by the defendants on February 17, 2000, included a certified supplemental affidavit by the defendant and excerpts from his deposition transcript.[5]
This court heard oral argument at short calendar on February 22, 2000, and now issues this memorandum of decision.
"Practice Book . . . § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue of material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Rivera v. Double ATransportation, Inc., 248 Conn. 21, 24, 727 A.2d 204 (1999). In ruling on a motion for summary judgment, "the trial court's function is not to decide issues of material fact, but rather to decide whether any such issues exist." (Internal quotation marks omitted.) Harvey v. BoehringerIngelheim Corp., 52 Conn. App. 1, 5, 724 A.2d 1143 (1999). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.) Serrano v.Burns, 248 Conn. 419, 424, 727 A.2d 1276 (1999).
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way. . . . The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact . . ." (Citations omitted; internal quotation marks omitted.) Miller v. United TechnologiesCorp., 233 Conn. 732, 751-52, 660 A.2d 810 (1995).
The defendants move for partial summary judgment on counts two and three of the plaintiff's second amended complaint in which the plaintiff alleges common law and statutory recklessness for the conduct of the defendant.[6] The defendants argue that the plaintiff fails to demonstrate that the defendant's conduct meets either a common law or statutory recklessness claim. In objection to the defendants' motion, the plaintiff states that there are genuine issues of material fact and that the issue of whether or not the defendant's conduct constituted CT Page 6574 recklessness is a question for the jury.[7]
I Common Law Recklessness
In their motion for partial summary judgment, the defendants argue that to distinguish between reckless and negligent conduct, courts focus on the mind of the actor and that statements made by the defendant in his affidavits establish that he never contemplated the possibility that another driver could be injured because he believed there was sufficient space between his car and the oncoming traffic whereby the turn could safely be made. Also, the defendants argue that the plaintiff fails to demonstrate that the defendant recognized that his conduct involved a risk substantially greater in amount than that which is necessary to make his conduct negligent. In opposition, the plaintiff argues that although the defendant disputes these claims in an affidavit attached to his motion for partial summary judgment, his disputes raise issues of material fact and therefore, summary judgment is inappropriate.
In his affidavit dated October 25, 1999, the defendant states that "[i]n attempting the left hand turn, I did not contemplate the possibility that any other driver could be injured or that an accident could occur as a result. I did not feel as though this could be a possibility because I believed that there was sufficient space between my car and the oncoming traffic whereby I could safely make the left hand turn." Defendant's affidavit, ¶ 7. He further states "[a]t no point did I feel as though I was taking a risk by attempting the left hand turn"; defendant's affidavit, ¶ 8; "I did not intend to injure plaintiff or cause an accident between plaintiff's vehicle and my vehicle." Defendant's affidavit, ¶ 9. In his supplemental affidavit dated February 16, 2000, the defendant states "The mirror adjustment was so quick and minor that I did not contemplate the possibility that another driver could be injured or that an accident could occur due to the large amount of space I saw existing between my car and the oncoming traffic when I looked to see if I could safely make the turn." Defendant's supplemental affidavit, ¶ 6.
The defendant in his affidavits fails to offer any evidence that would prove the lack of a genuine issue as to any material fact. These affidavits are wholly self-serving in nature, and "[i]t is especially appropriate to hold an affidavit submitted by a moving party to a stringent standard. Because the burden is on the movant, the evidence must be viewed in the light most favorable to the nonmovant and he is given the benefit of all favorable inferences that can be drawn." EvansProducts Co. v. Clinton Building Supply, Inc., 174 Conn. 512, 516,391 A.2d 157 (1978). "Self-serving affidavits of moving parties are insufficient to support a motion for summary judgment." (Internal CT Page 6575 quotation marks omitted.) McCarroll v. Marquis, Superior Court, judicial district of Danbury, Docket No. 331743 (October 29, 1999, Moraghan, J.).
Also, our Supreme Court recognizes that "summary judgment is ordinarily inappropriate where an individual's intent and state of mind are implicated." (Internal quotation marks omitted.) Reynolds v. ChryslerFirst Commercial Corp., 40 Conn. App. 725, 731, 673 A.2d 573, cert. denied, 237 Conn. 913, 675 A.2d 885 (1996). "Summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent, and subjective feelings and reactions." (Internal quotation marks omitted.) Morascini v.Commissioner of Public Safety, 236 Conn. 781, 809, 675 A.2d 1340 (1996). "It is only when the witnesses are present and subject to cross-examination that their credibility and the weight to be given to their testimony can be appraised. . . . Nevertheless, it remains incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined as a matter of law, that a genuine issue of material fact exists." (Citations omitted; internal quotation marks omitted.) Miller v. Bourgoin, 28 Conn. App. 491, 497-98,613 A.2d 292, cert. denied, 223 Conn. 927, 614 A.2d 825 (1992).
Even if this court relies upon the defendant's affidavits or the submitted portions of his deposition testimony,[8] it is undisputed that the defendant saw the approach of the plaintiffs vehicle before adjusting his rearview mirror and that he attempted to make a turn crossing into the lane of oncoming traffic without reassessing the location of the plaintiff's vehicle. The defendant testified at his February 23, 1999 deposition that "I stopped to take a left-hand turn. I looked and thought I could make it, and then I looked in my mirror and then I turned." Defendant's deposition, p. 40. The defendant testified that he saw the plaintiff's car before he started adjusting his mirror; see defendant's deposition, p. 51; but that he did not again look in the direction of oncoming traffic between when he finished adjusting his mirror and when he started his turn. See defendant's deposition, p. 49.
The parties do not seem to disagree as to the ultimate facts determinative of the case.[9] It is a genuine issue of material fact whether the defendant's behavior of seeing there was oncoming traffic, diverting his attention to that traffic, and then deciding to take a turn into the oncoming lane of traffic without reassessing such traffic constitutes conduct "as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action" (Internal quotation marks omitted.) Elliott v. Waterbury, 245 Conn. 385, 415,715 A.2d 27 (1998); and whether "such conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." CT Page 6576 (Internal quotation marks omitted.) Id.
"In order to be reckless, the actor must recognize that his conduct involves a risk substantially greater in amount than that which is necessary to make his conduct negligent." Lisej v. Getchell, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 341241 (November 5, 1998, Melville, J.) "Recklessness is a state of consciousness with reference to the consequences of one's acts. . . . The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them." (Citations omitted; internal quotation marks omitted.) Dubay v. Irish, 207 Conn. 518,532, 542 A.2d 711 (1988).
Viewing the evidence in the light most favorable to the nonmoving party, together with the inferences that could reasonably be drawn from that evidence, the defendants fail to show it is quite clear what the truth is and to have that exclude any real doubt as to the existence of any genuine issue of material fact. This court finds that there is a genuine issue of material fact as to whether the defendant acted in a reckless manner in attempting a left-hand turn, and that the defendant's state of mind at the time of the accident is a question of fact for the jury. Accordingly, the defendants' motion for partial summary judgment is hereby denied.
In their motion for partial summary judgment, the defendants also argue that the plaintiff makes an unsubstantiated claim that the defendant drove after dark without the use of headlights. The defendants argue that proceeding without headlights around 4:15 p.m. in early March is not "an extreme departure from ordinary care in a situation where a high degree of danger is present. . . ." Dubay v. Irish, supra, 207 Conn. 533. The defendants fail, however, to present any supporting documentation regarding the weather condition at the time and place of the accident to support this allegation. In contrast, both the plaintiff and the defendant state in their respective deposition transcripts that it was snowing out at the time of the accident. See plaintiffs deposition, p. 39; see also defendant's deposition, p. 50.
In her affidavit, the plaintiff states that "It was dark out at the time of this accident"; plaintiffs affidavit ¶ 9; and "I do not recall seeing any lights on the defendant's car prior to the accident." Plaintiffs affidavit, ¶ 6. Also, the plaintiff states "I do recall seeing the lights of the car behind the defendant on." Plaintiff's affidavit, ¶ 7. The certified police record is of no use addressing whether or not it was dark out at the time of the accident, because it CT Page 6577 would not be admissible as evidence at trial; see Great County Bank v.Pastore, 241 Conn. 423, 436, 696 A.2d 1254 (1997); and this court is not able to decode the information contained therein.[10] In paragraph four of his supplemental affidavit, the defendant states that "I adjusted the rear view mirror to `night vision' because the headlights from the vehicle positioned behind me were reflecting into my car through my rear view mirror." In his deposition, the defendant testified that he did not remember if he had his lights on at the time of the accident. See defendant's deposition p. 28-29.
If it were dark out at the time of the accident then whether or not the defendant had his lights on could be a material issue in the negligence and recklessness claims. Viewing the evidence in the light most favorable to the nonmoving party, this court determines that the defendants' supporting documentation fails to eliminate the factual issue of whether the defendant needed to have his lights on or if he had his lights on at the time of the accident. Because it is not clear what the truth is, this doubt should be resolved by the trier of fact. Therefore, the defendants' motion for partial summary judgment is hereby denied.
II Statutory Recklessness
This court recognizes that a violation of General Statutes § 14-295
requires the same level of culpability as is necessary to state a cause of action for recklessness at common law. See Bishop v. Kelly,206 Conn. 608, 614, 539 A.2d 108 (1988) ("the statute thus incorporates standards that have long been recognized at common law"). Therefore, this court need not address the statutory recklessness claim separately.
Accordingly, the defendants' motion for partial summary judgment regarding count two and three of the plaintiff's second amended complaint and the corresponding paragraphs two and three of the plaintiff's prayer for relief is hereby denied.
BY THE COURT
Hon. Andre M. Kocay, J.