[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
In the above captioned matter, the plaintiff, Carolyn Santone, brought a four-count amended complaint against the defendant, Liberty Mutual Insurance Company alleging: (1) bad faith, (2) breach of contract, (3) violation of Connecticut Unfair Trade Practices Act (CUTPA), and (4) violation of Connecticut Unfair Insurance Practices Act (CUIPA).
The defendant moves for summary judgment on all four counts on the basis that no genuine issue of material fact or law exists and that the defendant is entitled to judgment as a matter of law.
This action arises out of the plaintiff's claim that the defendant improperly failed to provide her with insurance benefits for items that were stolen from her vehicle. According to the record, the plaintiff had parked her vehicle in her condominium parking lot on the night of May 27, 1995. (Defendant's Memorandum, Exh. 1, Affidavit of Joseph Gustavsen.) The plaintiff alleges that she had packed her car with various expensive items that she planned to take with her on a trip she planned to take the next day. On the morning of May 28, 1995, the plaintiff woke to discover that the rear hatch of her car was unlocked and that various contents in her car were stolen, resulting in loss in excess of $33,000.
On the date of the alleged theft, the plaintiff had a condominium policy with the defendant covering such loss. The policy required the plaintiff to complete various forms and submit proof of her loss to the defendant.
The plaintiff alleges that the defendant wrongfully failed to make any payments to her, acted in bad faith, breached its contract with her, and violated CUTPA and CUIPA.
The defendant contends that it is entitled to summary judgment on count two because the plaintiff failed to submit a proof of loss or bring suit CT Page 3784 in a timely basis and on the remaining counts because there is no evidence of bad faith, CUTPA or CUIPA.
"Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law." (Citation omitted; internal quotation marks omitted.) LaFlamme v. Dallessio, 261 Conn. 247, 250,802 A.2d 63 (2002). "[A]lthough the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) BuellIndustries, Inc. v. Greater New York Mutual Ins. Co., 259 Conn. 527,550, 791 A.2d 489 (2002).
A. Breach of Contract
The plaintiff's policy provided that in the event of loss, she must verify the loss within sixty days and she must bring suit within one year.[1] (Plaintiff's Memorandum, Exh. B, p. 16-17.) The defendant moves for summary judgment on the second count of the plaintiffs' amended complaint (breach of contract) on the ground that the plaintiff failed to verify her loss within sixty days and similarly failed to bring suit within one year of her loss. The plaintiff counters that genuine issues of fact exist as to whether the defendant made representations to her that the policy's time limitations would not be enforced against her.
"[I]n Connecticut, the doctrine of equitable estoppel . . . requires proof of two essential elements: [First] the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and [second] the other party must change its position in reliance on those facts, thereby incurring some injury." (Internal quotation marks omitted.) Buell Industries, Inc. v. Greater New York Mutual Ins. Co., CT Page 3785supra, 259 Conn. 547-48. "An equitable estoppel does not so much shut out the truth as let in the truth, and the whole truth. Its office is . . . to show what equity and good conscience require, under the particular circumstances of the case . . ." (Internal quotation marks omitted.)Boyce v. Allstate Ins. Co., 236 Conn. 375, 384, 673 A.2d 77 (1996).
"An estoppel is predicated on proof of misleading conduct resulting in prejudice to the other party . . . The party claiming estoppel has the burden of proof, and whether it has met that burden in a particular case is an issue of fact." Herbert S. Newman Partners P.C. v. CFCConstruction Ltd. Partnership, 236 Conn. 750, 768, 674 A.2d 1313 (1996). "[T]he principle of equitable estoppel is ordinarily invoked in cases where the defendant misrepresented the length of the limitations period or in some way lulled the plaintiff into believing that it was not necessary for him to commence litigation. Cerbone v. InternationalLadies' Garment Workers' Union, 768 F.2d 45, 50 (2d Cir. 1985); seeBaldwin County Welcome Center v. Brown, 466 U.S. 147, 151,104 S.Ct. 1723, 80 L.Ed.2d 196 (1984)." (Internal quotation marks omitted.) Scalise v. American Employers, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. CV 970158687 (May 24, 2000, Nadeau, J.) (27 Conn.L.Rptr. 324, 328).
In this case, the plaintiff's alleged loss occurred on May 27, 1995. The policy at issue required the plaintiff to submit a proof of loss within sixty days of her request for coverage and to bring legal action within one year after the date of the loss. (Plaintiff's Memorandum, Exh. B, p. 17, 19.) The plaintiff did not submit a completed proof of loss within sixty days and did not bring suit within one year of her loss. The plaintiff submits proof, however, that Janice Michaud, an agent of the defendant, represented to the plaintiff that she would keep the plaintiff's files open so that the plaintiff had time to find receipts.[2]
(Plaintiff's Memorandum, Exh. A, Plaintiff's Affidavit.) In addition, the plaintiff periodically verified with the defendant that her file was still open. In fact, the plaintiff claims that it was not until November 17, 1997 that she received notice that the defendant had denied her claim and closed her file. (Plaintiff's Memorandum, Exh. C.) The plaintiff also offers evidence that one of the defendant's agents and another man came to her home after the date her file was allegedly closed and ridiculed her, threatened to sue her and accused her of procuring a fraud. (Plaintiff's Memorandum, Exh. A. Plaintiff's Affidavit.)
Whether conversations took place between the plaintiff and defendant or the defendant made representations to lull the plaintiff into believing it was not necessary for her to comply with the policy's time limitations are questions of fact that cannot be decided by a motion for summary CT Page 3786 judgment. It is well recognized that allegations of misrepresentation and the like present questions of fact, and that "summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions . . . It is only when the witnesses are present and subject to cross-examination that their credibility and the weight to be given to their testimony can be appraised." (Internal quotation marks omitted.) Miller v. Bourgoin, 28 Conn. App. 491, 497-98, 613 A.2d 292
(1992). The defendant's alleged behavior and requests for additional information from the plaintiff past the time when the plaintiffs' file was allegedly closed may have reasonably given the plaintiff the impression that her claim would be paid upon the proper completion of such requests and may very well have lulled the plaintiff into a false understanding that she could ignore the policy's time limitations for submitting her proof of loss and for instituting legal action. In such situations, "it has generally been held that the limitation provision is waived, or that the insurer is estopped to rely thereon." 15 A.L.R.2d 955 (1951).
In Ursini v. Goldman, 118 Conn. 554, 564, 173 A. 789 (1934), the court held that the issue of whether a plaintiff "was so misled or put off his guard by statements or conduct of the defendant as to relieve him from the ordinary consequences of failure to read his policy" was a proper question of fact for a jury. Similarly, in an analogous case to the one at bar, a plaintiff alleged that the defendant insurance company, by its actions, induced him to believe that the statutory policy provision containing a one year limit on commencing suit would not be enforced.Boyce v. Allstate Ins. Co., supra, 236 Conn. 383. The court stated that an insurer's actions can support a claim that the insurer misled an insured into relying on representations that a time limitation would not be enforced. Id.
The court finds that the plaintiff has alleged and provided sufficient evidence to establish a genuine issue of fact as to whether the defendant acted with the intent to induce her into believing that the time limitations in the policy would not be enforced against her. Although there is evidence that the plaintiff failed to comply with the time limitations, there is a genuine issue of fact as to whether the defense of equitable estoppel is appropriate in this case. Accordingly, the defendant's motion for summary judgment as to the plaintiff's second count is denied.
B. Bad Faith
Count one of the plaintiff's complaint alleges bad faith. "Bad faith in CT Page 3787 general implies both actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive . . . Bad faith means more than mere negligence; it involves a dishonest purpose." (Citation omitted; internal quotation marks omitted.) Habetz v. Condon,224 Conn. 231, 237, 618 A.2d 501 (1992). The plaintiff bears the burden of establishing bad faith and whether that burden has been satisfied is a question of fact. Id., 237 n. 11.
It has been held that bad faith "implies the conscious doing of a wrong because of dishonest purpose or moral obliquity . . . it contemplates a state of mind affirmatively operating with furtive design or ill will." (Internal quotation marks omitted.) Elm Street Builders, Inc. v.Enterprise Park Condominium Assn., Inc., 63 Conn. App. 657, 668,778 A.2d 237 (2001). Bad faith describes "a state of mind affirmatively operating with some design or motive of interest or ill will." (Internal quotation marks omitted.) Id. "In order to bring a claim for breach of the covenant of good faith and fair dealing, the plaintiff must allege that the defendant did more than simply deny the plaintiffs' claim for benefits. (Internal quotation marks omitted.) Mynahan v. Prudential Ins. Grieder, Superior Court, judicial district of Waterbury, Docket No. CV 96 0132774 (April 8, 1998, Espinosa, J.).
In this case, the plaintiff alleges more than a simple denial of benefits. The plaintiff alleges, inter alia, that the defendant (1) wrongfully placed a lien on an unrelated award and demanded reimbursements from that award; (2) misrepresented requirements for proof of loss; (3) made misleading statements to her about her coverage, rights, duties and obligations under her policy; (4) invaded her privacy, harassed, vexed and annoyed her; and (5) threatened her and acted to intimidate her into withdrawing her claim. (Plaintiff's Complaint, Count One.) The plaintiff submits proof by affidavit that the defendant's employee, Paul Bradley, came to her residence with an unidentified individual who ridiculed her name and acted in a belligerent manner toward her. (Plaintiff's Memorandum, Exh. A, Plaintiff's Affidavit.) In her affidavit, she also attests that Bradley accused her of being involved in a fraud and told her that the defendant was going to sue her for the return of funds it paid to her for an unrelated claim. (Plaintiff's Memorandum, Exh. A, Plaintiff's Affidavit.)
The plaintiff's complaint and supporting evidence, read in the light most favorable to her, evince actions by the defendant consistent with a deceptive or dishonest motive or intent. In this type of situation, summary judgment is particularly inappropriate to resolve "questions of CT Page 3788 motive, intent and subjective feelings and reactions." (Internal quotation marks omitted.) Suarez v. Dickmont Plastics Corp., 229 Conn. 99,111, 639 A.2d 507 (1994). Under these facts, therefore, whether the defendant's alleged conduct was premised on an interested or sinister motive, or whether the defendant acted dishonestly and with furtive design or ill will are questions of fact and not proper for summary dismissal.[3]
The court finds that the plaintiff has alleged and supported by affidavit sufficient factual allegations to maintain a claim for bad faith. Accordingly, defendant's motion for summary judgment as to count one is denied.
C. CUIPA CUTPA
In the third and fourth counts, the plaintiff alleges that the defendant violated CUTPA, General Statutes § 42-110b, and CUIPA, General Statutes § 38a-816, respectively. For the reasons hereinafter stated, the court finds that the plaintiff has failed to set forth the minimum requirements for either claim.
The plaintiff's CUIPA allegations fall under § 38a-816 (6).[4] It is generally accepted that "a claim under CUIPA predicated upon alleged unfair claim settlement practices in violation of 38a-816 (6) requires proof that the unfair settlement practices were committed or performed `with such frequency as to indicate a general business practice.' Meadv. Burns, 199 Conn. 651, 509 A.2d 11 (1986)." Lees v. Middlesex Ins.Co., 229 Conn. 842, 847-48, 643 A.2d 1282 (1994). In Lees, the Court reasoned that the "alleged improper conduct in the handling of a single insurance claim, without any evidence of misconduct . . ., in the processing of any other claim, does not rise to the level of a `general business practice' as required by 38a-816 (6)." Id. 849.
The defendant maintains that the plaintiff's allegations of deception and misconduct involve only one claim. The plaintiff argues to the contrary that the defendant is liable under two separate incidences of misconduct: (1) its alleged misconduct in handling the present auto theft case; and (2) its alleged misconduct as to her previous accident claim. The alleged statements made by the defendant's agent regarding her prior claim, however, were made during and in the context of the current claim, not during a previous claim. It is evident from the record that the plaintiff's allegations of misconduct involve only one claim. The plaintiff has failed to present any evidence of a general business practice, and therefore, has failed to provide sufficient evidence to make out a prima facie case under CUIPA. Lees v. Middlesex Ins. Co., supra, CT Page 3789229 Conn. 849. For the foregoing reasons, summary judgment is granted as to count four of the plaintiff's amended complaint.
What is more, when the facts a plaintiff alleges are insufficient to satisfy the requirement of a general business practice under CUIPA, those same facts cannot be used to support a CUTPA claim. Id., 850-51. Here, the plaintiff's CUTPA count is premised entirely on the defendant's alleged violation of CUIPA. For that reason, summary judgment is likewise granted as to the third count of the plaintiff's amended complaint.
For the foregoing reasons, the court denies summary judgment as to counts one and two of the plaintiffs' amended complaint alleging breach of contract and bad faith, and grants summary judgment as to counts three and four of the plaintiff's amended complaint alleging CUTPA and CUIPA.
 By the Court, Doherty, J.