## HOPE'S ARCHITECTURAL PRODUCTS, INC. *v.* FOX STEEL COMPANY
## (15504)

Dupont, C. J., and Foti and Lavery, Js.

Submitted on briefs March 6—officially released April 15, 1997

*Richard F. Wareing* filed a brief for the appellant (defendant).

*Robert A. Ginsburg* filed a brief for the appellee (plaintiff).

FOTI, J. The defendant appeals from the judgment rendered in favor of the plaintiff. The defendant claims that the trial court improperly heard the defendant's claim for a set-off at the same time as a hearing in damages and deprived the defendant of reasonable notice and a meaningful opportunity to be heard on its set-off. We affirm the judgment of the trial court.

The sole issue in this appeal is whether the defendant is entitled, as a matter of law, to a separate hearing on its claimed set-off distinct from a scheduled hearing in damages at which the defendant participated.

The following facts are necessary for the resolution of this appeal. The plaintiff commenced this action by a three count complaint to collect money claimed owed for goods sold and delivered to the defendant. By its answer, the defendant admitted that it had received the goods and had not made payment to the plaintiff. The defendant pleaded a set-off against the plaintiff's demands for judgment should the plaintiff be entitled to judgment for money damages.[1] The plaintiff, by reply, denied the set-off allegations and moved for summary judgment on the issue of liability. On February 27, 1995, the trial court, *Gray, J.*, granted the motion and the matter was claimed for a hearing in damages. The matter was heard by *Hon. Harold M. Mulvey*, judge trial referee. At the hearing in damages, the parties stipulated that the plaintiff, on counts one and two, had incurred $10,699.50 in damages. The defendant, while acknowledging that interest, if awarded, would total $1782,

[1] The three count set-off alleged breach of contract, quantum meruit, and a violation of General Statutes § 42-110a et seq., the Connecticut Unfair Trade Practices Act.

opposed the awarding of any interest, but conceded that such an award was discretionary. The third count of the complaint was withdrawn. The trial court then requested the defendant to proceed on its set-off allegations. The sole evidence presented was the testimony of the defendant's owner. The trial court concluded that, on the credible evidence presented, the defendant had failed to sustain its burden of proving the allegations set forth in its set-off.

In a subsequent articulation,[2] the trial court found that "[t]he only objection made to this court was that [the set-off] should not be tried on a hearing in damages proceeding. There was no objection based on a witness difficulty or a schedule difficulty or the like; nor was there a motion for a continuance so [the defendant] could test the legal merit of the objection." The only claim made by the defendant was that it was entitled to a separate hearing on its claim of set-off distinct from the hearing in damages. The defendant argues that its set-off was not properly before the court, and that the judge trial referee acted sua sponte and was without authority or discretion to hear it.

The sole issue before the trial court at the hearing in damages was the amount of damages that the plaintiff was entitled to recover. To make that determination, the court may accept evidence offered to reduce the amount of damages claimed. Practice Book § 374;[3] see also *Kloter* v. *Carabetta Enterprises, Inc.,* 186 Conn. 460, 464, 442 A.2d 63 (1982). A defendant is in the position of a plaintiff with respect to a set-off or a counterclaim. See Practice Book § 168; *Yale University*

---

[2] After this appeal was filed, the defendant unsuccessfully sought articulation on the trial court's legal basis for its decision on the set-off. The defendant then filed a motion for review of that denial with this court. We granted the relief sought.

[3] Practice Book § 374 provides: "The defendant may, without notice, offer evidence to reduce the amount of damages claimed."

*School of Medicine* v. *McCarthy*, 26 Conn. App. 497, 499 n.2, 602 A.2d 1040 (1992). The law of set-off is governed by General Statutes § 52-139 (a), the relevant portion of which provides that "[i]n any action brought for the recovery of a debt, if there are mutual debts between the plaintiff . . . and the defendant . . . one debt may be set-off against the other." "A condition precedent to the application of § 52-139 is that the defendant's claim arise from a debt due by the plaintiff." *Elis* v. *Rogers*, 15 Conn. App. 362, 365, 544 A.2d 633 (1988). While a counterclaim arises out of the same transaction described in the complaint, a set-off is independent thereof. *Savings Bank of New London* v. *Santaniello*, 130 Conn. 206, 210, 33 A.2d 126 (1943).

"The policy of the law is always to prevent unnecessary litigation, and where . . . entire justice can be done to both of the parties before the court, by the ascertainment and set-off of their mutual claims against each other, without a violation of any of the settled rules or forms of law, such set-off ought always to be made." *Avery* v. *Brown*, 31 Conn. 398, 401 (1863). "A set-off is made where the defendant has a debt against the plaintiff . . . and desires to avail himself of that debt, in the existing suit, either to reduce the plaintiff's recovery, or to defeat it altogether, and, as the case may be, to recover a judgment in his own favor for a balance." Id. We conclude that clearly a set-off may be heard as part of a hearing in damages in order to reduce or defeat the plaintiff's damages. It is irrelevant that a defendant asserting a set-off may have judgment rendered on his behalf for a balance due.[4]

---

[4] The defendant cites *Miller* v. *Bourgoin*, 28 Conn. App. 491, 494–500, 613 A.2d 292, cert. denied, 223 Conn. 927, 614 A.2d 825 (1992), a case in which the trial court granted the plaintiff's motion for summary judgment on his complaint, and sua sponte granted summary judgment on the defendant's counterclaim, without an appropriate motion for summary judgment on the defendant's counterclaim having been filed. We acknowledged that a court may not grant summary judgment sua sponte, and that pursuant to Practice

The defendant had proper notice of the hearing in damages and is assumed to know the law as to its rights during that hearing. The defendant's due process rights were not violated. It did not seek a continuance nor did it request additional time to present more evidence on its set-off. The defendant chose to rely solely on its objection that a hearing in damages is not a proper forum for purposes of putting forth its set-off claims.

The defendant also argues that the judge trial referee was without discretion or authority to hear the claim for a set-off sua sponte. We do not agree. A judge trial referee has authority to conduct a hearing to determine the amount of damages pursuant to Practice Book § 385.[5] By the very nature of such a hearing, the judge trial referee has authority to hear any and all evidence material and relevant to the issue of those damages, including a set-off.

The defendant also argues that it was greatly prejudiced by having to put forth evidence on its set-off because it was "unable to fully assemble its witnesses and documents for trial, adequately prepare the witness it was able to produce, or adequately prepare to test [the plaintiff's] evidence with organized, thorough, cross-examination." There is no issue presented that the trial court abused its discretion in any fashion. The defendant never sought a continuance, nor did it suggest any witness or scheduling difficulty, nor did it seek additional time to present other evidence in support of its set-off.

Book § 379, a person seeking summary judgment on a counterclaim must file an appropriate motion addressed to it. A set-off is not part of § 379, and the court herein did not render summary judgment on the defendant's set-off.

[5] Practice Book § 385 provides in relevant part: "A summary judgment, interlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue as to damages. In such case the court shall order an immediate hearing before a referee . . . to determine the amount of damages. . . . Upon the conclusion of these proceedings, the court shall forthwith render the appropriate summary judgment."

We conclude that the set-off was properly before the trial court and that the trial court had the authority to hear evidence as to the set-off as part of the hearing in damages.

The judgment is affirmed.

In this opinion the other judges concurred.