[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEM0RANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE (DOCKET ENTRY NO. 113)
Presently before the court is the plaintiff's motion to strike the defendant's special defenses and counterclaim. On May 5, 1999, the plaintiff, Mary Fenyes, filed a two count complaint against the defendants, Ian McMillan[1] and Jennie Rose Fenyes. The plaintiff seeks from each defendant an accounting of rents paid on the premises known as 642 Booth Hill Road in Trumbull, Connecticut, which the plaintiff jointly owns with right of survivorship with her husband, Edmond Fenyes.
The complaint alleges the following relevant facts. On October 7, 1998, the Probate Court, Hall, J., appointed McMillan as the conservator of the estate and of the person for Edmond Fenyes.[2] McMillan's conservatorship over Edmond Fenyes continues to the present date. Jennie Rose Fenyes currently occupies the premises known as 642 Booth Hill Road, and has done so since August 3, 1998. In October, 1998, McMillan "established a value of sixteen hundred dollars ($1,600.00) per month for use and occupancy of said premises, and gave written notice thereof to defendant Jennie Rose Fenyes." (Complaint, Count One, ¶ 11.)
In count one, the plaintiff alleges that McMillan has neither accounted for nor paid over to the plaintiff her share of the rents. The plaintiff alleges in count two that Jennie Rose Fenyes has neither accounted for nor paid over any sums due her for Fenyes' use and occupancy of the said premises. The plaintiff seeks, inter alia, an accounting pursuant to General Statutes § 52-404[3] and a judgment on such accounting.
Jennie Rose Fenyes filed an answer and special defense on July 1, 1999. On October 27, 1999, McMillan filed an answer in which CT Page 4593 he denies that he failed to account for the rents and that he failed to pay the plaintiff her share of said rents. McMillan filed with his answer four special defenses and a counterclaim. The plaintiff now moves to strike portions of McMillan's answer, four special defenses and counterclaim. The specific grounds are discussed more fully below.
Whenever any party wishes to contest the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof. Bouchard v. People's Bank,219 Conn. 465, 468 n. 3, 594 A.2d 1 (1991), citing Practice Book § 152 (now § 10-39). The function of a motion to strike is to test the legal sufficiency of a pleading; it admits all facts well pleaded. Dodd v. Middlesex Mutual Assurance Co.,242 Conn. 375, 378, 698 A.2d 859 (1997). In ruling on a motion to strike, the trial court must "take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency."Connecticut National Bank v. Douglas, 221 Conn. 530, 536,606 A.2d 684 (1992).
 A
The plaintiff moves to strike portions of McMillan's answer, special defenses and counterclaim, which purportedly respond to the second count of the complaint, on the ground that the second count is solely against Jennie Rose Fenyes. (See Defendant Conservator's Answer to Complaint, Second Count, ¶¶ 1-13; see also Complaint, Count Two, ¶¶ 12-13.) A motion to strike is not the proper vehicle for elimination of irrelevant, immaterial or otherwise improper allegations. The proper vehicle would be a request to revise. Federal National Mortgage Assoc. v. Spooner, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 055501 (January 7, 1998, Curran, J.). Practice Book § 10-35 provides in relevant part: "Whenever any party desires to obtain . . . the deletion of any unnecessary, repetitious, scandalous, impertinent, immaterial or otherwise improper allegations in an adverse party's pleadings . . . the party . . . may file a timely request to revise that pleading."
The Practice Book further provides that the request to revise must be filed before a motion to strike. See Practice Book §§10-6, 10-7, 10-38. Accordingly, the plaintiff should have filed a request to revise before moving to strike the defendant's answer. CT Page 4594 See id. The plaintiff's failure to do so acts as a waiver of such right. See Practice Book §§ 10-7 and 10-38. Since the Practice Book prohibits a party from seeking deletions of immaterial allegations in a motion to strike, the plaintiff's motion to strike the defendant's answer, special defenses and counterclaim must be denied insofar as it attempts to strike portions thereof which respond to count two of the plaintiff's complaint.
 B
The plaintiff next moves to strike McMillan's four special defenses because they assert jurisdictional issues that were rejected by this court in its denial of McMillan's motion to dismiss, dated July 13, 1999.[4] The plaintiff further moves to strike the second special defense on the ground that res judicata does not bar the bringing of the present action and the fourth special defense on the ground that it fails to state a defense and is therefore legally insufficient.
McMillan alleges in his first special defense that the Trumbull Probate Court has primary jurisdiction over the case. The second special defense incorporates the allegations of the first special defense and further alleges that the matters presented in this case already have been decided in Fenyes v. Fenyes, Superior Court (Housing Session), judicial district of Fairfield at Bridgeport, Docket No. 439586 (June 4, 1999. Coco, J.). McMillan also alleges that the court, Coco, J., denied summary process on the merits without prejudice to the parties' ongoing proceedings in the Trumbull Probate Court and, therefore, res judicata precludes the plaintiff from raising the same issues in the present case.
In the third special defense, McMillan incorporates the allegations of the first and second special defenses and further alleges that the plaintiff is not entitled to a share of the gross rents. McMillan alleges that the plaintiff is merely due an accounting and any net profits from the rents as may be determined and ordered by the Trumbull Probate Court. The fourth special defense incorporates the allegations of the first, second and third special defenses. The fourth specials defense further alleges that McMillan is entitled to apply any net profits from the rents, which the Trumbull Probate Court determines are due the plaintiff, to the plaintiff's share of any joint debts of the plaintiff and Edmond Fenyes. The fourth special defense also alleges that McMillan is entitled to apply said profits to a constructive trust against the plaintiff's unpaid debts, if any, CT Page 4595 for which Edmond Fenyes may be liable.
McMillan's first, second, third and fourth special defenses substantively assert that the Trumbull Probate Court has primary jurisdiction over the present matter. (See Defendant Conservator's First, Second, Third and Fourth Special Defenses, ¶¶ 1-13) This court denied McMillan's earlier motion to dismiss, dated July 13, 1999, which asserted the same jurisdictional ground. That decision, dated October 12, 1999, stands as the law of the case. See State v. Arena, 235 Conn. 67, 80, 663 A.2d 972
(1995) (the law of the case expresses the practice that a judge should hesitate to change his own rulings in a case). Therefore, the first, second, third and fourth special defenses are hereby stricken.
The second special defense is stricken on the further ground that res judicata does not bar the bringing of the present action.
 "[U]nder the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim . . . [or any claim based on the same operative facts that] might have been made. . . . [T]he appropriate inquiry with respect to [claim] preclusion is whether the party had an adequate opportunity to litigate the matter in the earlier proceeding. . . ." (Emphasis in original; internal quotation marks omitted.)
Linden Condominium Assn., Inc. v. McKenna, 247 Conn. 575, 594,726 A.2d 502 (1999).
A summary process action is designed solely to decide the simple question of who is entitled to possession. Carnese v.Middleton, 27 Conn. App. 530, 535, 608 A.2d 700 (1992). In Fenyesv. Fenyes, supra, Superior Court, Docket No. 439586, the plaintiff brought a summary process action solely against Jennie Rose Fenyes, a tenant of the premises which the plaintiff jointly owns with Edmond Fenyes. The summary process action was not against McMillan. Moreover, the plaintiff seeks in the present action an accounting of rents and a judgment thereon pursuant to § 52-404. Clearly, the present claim is wholly different from that which was litigated in the previous summary process action.
The fourth special defense is stricken on the further ground that it fails to state a setoff claim and, therefore, is legally CT Page 4596 insufficient. The law of setoff is governed by General Statutes § 52-139, which provides in relevant part:
 "In any action brought for the recovery of a debt, if there are mutual debts between the plaintiff . . . and the defendant . . . one debt may be set off against the other."
General Statutes § 52-139 (a); see also Practice Book §10-54.
A condition precedent to the application of § 52-139 is that the defendant's claim arises from a debt due by the plaintiff. Hope's Architectural Products, Inc. v. Fox Steel Co.,44 Conn. App. 759, 762, 692 A.2d 829, cert. denied,241 Conn. 915, 696 A.2d 985 (1997); see also Nutrico, Inc. v. Frank'sNursery Crafts, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 329778 (October 4, 1996,Melville, J.) (17 Conn.L.Rptr. 682) (striking a setoff claim that failed to set forth a sum certain).
In the fourth special defense, McMillan asserts, inter alia, that he is entitled to a setoff against any net rents which the Trumbull Probate Court may determine due the plaintiff in order to pay the plaintiff's share of the joint debts between the plaintiff and Edmond Fenyes which the Trumbull Probate Court may determine. The fourth special defense does not set forth a sum certain and, thus, fails to comply with the condition precedent to the application of § 52-139. Therefore, the fourth special defense is legally insufficient as a matter of law.
 C
Lastly, the plaintiff seeks to strike McMillan's counterclaim,[5] which incorporates the allegations of the first, second and third special defenses. McMillan's counterclaim centers on the same jurisdictional argument as is contained in his special defenses. The counterclaim asserts: "To the extent that [the] [p]laintiff refuses or fails to account for said funds [that were owned wholly or in part by Edmond Fenyes and which the plaintiff misappropriated], or to return and restore said funds, all as may be finally ordered by the Trumbull Probate Court, the [d]efendant Conservator should be entitled to set-off and offset said funds herein, if and as permitted by order of the Trumbull Probate Court." (Defendant Conservator's Counterclaim, ¶ 20) As previously stated, this court denied McMillan's early motion to dismiss, dated July 13, 1999, on the ground that the court has CT Page 4597 jurisdiction to hear the present case pursuant to General Statutes § 52-404. That decision, dated October 12, 1999, stands as the law of the case. See State v. Arena, supra,235 Conn. 80. Therefore, the counterclaim is hereby stricken.[6]
For the foregoing reasons, plaintiff's motion to strike the first, second, third and fourth special defenses and the counterclaim of the defendant, Ian McMillan, is hereby GRANTED. Further, the plaintiff's motion to strike those portions of the defendant's answer which respond to the second count of the plaintiff's complaint is hereby DENIED.
MELVILLE, J.