[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#109)
The plaintiff, Mercedes Benz Credit Corporation, brought this action for replevin and damages on July 24, 2000, against the defendant, Barbara S. Shea, alleging the following facts.[1] On or about November 8, 1997, Imported Cars of Greenwich (ICG), a new and used car dealership in Greenwich, Connecticut, entered into a lease agreement (1998 lease) with the defendant.[2] Pursuant to the terms of the lease, the defendant was to lease an automobile from ICG and make monthly installment payments to the plaintiff in the amount of $383.19. The defendant breached her lease when she failed to make payments to the plaintiff. The defendant has been in default since October 8, 1999. Notwithstanding demand by the plaintiff, the defendant has failed to cure the default. The defendant owes the plaintiff $29,844.69.
On or about July 5, 2000, the defendant filed an answer, setoff and a thirteen count "cross complaint"[3] alleging, inter alia, that the lease was the product of fraud and misrepresentation arising out of an earlier 1994 lease agreement (1994 lease) between the same parties.[4]
On the same day, the plaintiff filed an answer and special defenses to the defendant's "cross complaint."[5]
CT Page 3236
On August 9, 2000, the plaintiff filed a motion for summary judgment supported by a memorandum of law and affidavits of Mary Jordan, an employee of the plaintiff, and Robert Toller, an employee of Reliance Insurance Company.[6] On August 28, 2000, the defendant filed her special defenses. On September 11, 2000, the plaintiff filed a response to the defendant's special defenses. On September 29, 2000, the defendant filed an objection to the plaintiff's motion for summary judgment supported by an affidavit of her own.
"[A]ny party may move for summary judgment upon any [complaint] counterclaim or cross complaint. . . ." Practice Book § 17-44. "Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . ." (Citations omitted; internal quotation marks omitted.) Milesv. Foley, 253 Conn. 381, 385-86, 752 A.2d 503 (2000).
A party's conclusory statements "in the affidavit and elsewhere," may not "constitute evidence sufficient to establish the existence of disputed material facts." Gupta v. New Britain General Hospital,239 Conn. 574, 583, 687 A.2d 111 (1996). "If the affidavits and the other supporting documents are inadequate, then the court is justified in granting the summary judgment, assuming that the movant has met his burden of proof." 2830 Whitney Avenue Cop. v. Heritage Canal DevelopmentAssociates, Inc., 33 Conn. App. 563, 569, 636 A.2d 1377 (1994).
With regard to the plaintiff's complaint for replevin, it is not disputed that the defendant entered into a lease with the plaintiff or that the defendant defaulted under the terms of her lease.[7] The plaintiff argues, as a result, that it is entitled to judgment as a matter of law. In order to make out a prima facie case for replevin, a plaintiff must show that "the plaintiff has a general or special property interest with a right to immediate possession. . . ." (Internal quotation marks omitted.) Cornelio v. Stamford Hospital, 246 Conn. 45, 49, 717 A.2d 140
(1998).
In the present case, the defendant entered into a lease with the defendant, which included provisions establishing the plaintiff's CT Page 3237 interest in the automobile and providing for the immediate return of the automobile upon the defendant's default. The defendant breached the lease and, therefore, was in default when she failed to make payments. The defendant does not dispute these facts. Because the defendant is in default, the plaintiff is entitled to the immediate return of the automobile without notice under the terms of the lease. Cornelio v.Stamford Hospital, supra, 246 Conn. 49. Accordingly, because there is no genuine issue of material fact regarding the defendant's default, the plaintiff is entitled to a judgment of replevin as a matter of law.
With regard to the defendant's special defenses, the defendant fails to allege facts consistent with the facts of the present case. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.)Danbury v. Dana Investment Corp., 249 Conn. 1, 17, 730 A.2d 1128 (1999); see also Practice Book § 10-50 ("Facts which are consistent . . . but show, notwithstanding, that the plaintiff has no cause of action, must be specifically alleged."). The burden of proving a special defense rests with the defendant. New England Savings Bank v. Bedford Realty Corp.,246 Conn. 594, 606 n. 10, 717 A.2d 713 (1998).
In the present case, the defendant's special defenses allege facts which are inconsistent with the allegations of the complaint. The facts alleged in the defendant's special defenses do not address the 1998 lease. Rather, the special defenses address the 1994 lease, which is irrelevant to the present action because they involve two separate and independent transactions. The defendant's special defenses, therefore, are legally insufficient because they neither attack the making, validity or enforcement of the 1998 lease nor comply with the rules of practice.Southbridge Associates, LLC v. Garofalo, 53 Conn. App. 11, 15,728 A.2d 1114, cert. denied, 249 Conn. 919, 733 A.2d 229 (1999); Danburyv. Dana Investment Corp., supra, 249 Conn. 17.
In sum, the plaintiff has shown that there is no genuine issue of material fact as to the defendant's liability under the 1998 lease and its right to a judgment of replevin as a matter of law. Accordingly, the court grants the plaintiff's motion for summary judgment on its complaint in replevin.
With regard to the defendant's counterclaim, counts one through eleven and count thirteen arise out of the parties' transactions involving the 1994 lease, not the 1998 lease, the "latter of which is the subject of the plaintiff's complaint. Practice Book § 10-10 provides in relevant part that "[A]ny defendant may file counterclaims against any plaintiff . . . provided that each such counterclaim . . . arises out of the CT Page 3238 transaction or one of the transactions which is the subject of the plaintiff's complaint. . . ." Practice Book § 10-10; see also Hope'sArchitectural Products, Inc. v. Fox Steel Co., 44 Conn. App. 759, 762,692 A.2d 829 (1997) ("[A] counterclaim arises out of the same transaction described in the complaint . . .").
In the present case, counts one through eleven and count thirteen of the defendant's counterclaim fail to allege facts that arise out of the same transactions, which are the subject of the plaintiff's complaint. These counts of the defendant's counterclaim therefore are irrelevant to the present case.
Even assuming the merits of the defendant's counterclaim, the plaintiff has raised two special defenses. First, the plaintiff argues that the defendant has waived her rights against the plaintiff arising out of the 1994 lease. Second, the plaintiff argues that the defendant's counterclaim is time barred by the applicable statute of limitations.
With regard to the first special defense, the plaintiff submits an affidavit and documentary evidence to show that the defendant signed a mutual release and settlement agreement (agreement) on November 5, 1997, waiving all of her rights to bring any and all claims against the plaintiff arising out of the 1994 lease. The defendant does not dispute the existence of this agreement, but instead claims that it is the product of fraud, deceit and misrepresentation on the part of the plaintiff.
"Waiver is the intentional relinquishment of a known right." (Internal quotation marks omitted.) Majernicek v. Hartford Casualty Ins. Co.,240 Conn. 86, 96, 688 A.2d 1330 (1997). "A waiver occurs, therefore, only if there is both knowledge of the existence of the right and intent to relinquish it." Heyman Associates No. 1 v. Insurance Co. ofPennsylvania, 231 Conn. 756, 777, 653 A.2d 122 (1995). "The conclusion that a party has waived a right is one of fact for the trier and not one which can be drawn by this court, unless, on the subordinate facts found, such a conclusion is required as a matter of law." (Emphasis added; internal quotation marks omitted.) Harlach v. MetropolitanProperty Liability Ins. Co., 221 Conn. 185, 193, 602 A.2d 1007 (1992).
In the present case, aside from the defendant arguing that the agreement she entered into with the plaintiff is the product of fraud, deceit and misrepresentation, the defendant provides this court with no evidence to support her arguments other than the mere assertions of fact and conclusions of law that a fraud has been perpetrated against her with regard to the 1998 lease. Absent such evidence, the defendant has failed to meet her burden of demonstrating the existence of a genuine issue of CT Page 3239 material fact. Gupta v. New Britain General Hospital, supra, 239 Conn. 583
(A party's conclusory statements "in the affidavit and elsewhere," may not "constitute evidence sufficient to establish the existence of disputed material facts."); 2830 Whitney Avenue Corp. v. Heritage CanalDevelopment Associates, Inc., 33 Conn. App. 569 ("If the affidavits and the other supporting documents are inadequate, then the court is justified in granting the summary judgment, assuming that the movant has met his burden of proof."). Accordingly, the court grants the plaintiff's motion for summary judgment as to counts one through eleven and count thirteen of the defendant's counterclaim.
With regard to count twelve, the defendant alleges violations of the Connecticut Unfair Trade Practices Act (CUTPA). Specifically, the defendant alleges that the plaintiff sent "repo" men to the defendant's neighborhood to query her neighbors as to the whereabouts of the automobile in order to repossess it. The defendant further alleges that these actions violated the defendant's right to privacy and interfered with the defendant's business relationships.
The defendant fails, however, to allege facts sufficient to satisfy the pleading requirements of CUTPA. "It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the cigarette rule by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law . . . or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [and] (3) whether it causes substantial injury to consumers, [competitors or other business persons]. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." (Internal quotation marks omitted.) Hartford Electric Supply Co. v. Allen-BradleyCo., 250 Conn. 334, 367-68, 736 A.2d 824 (1999).
In the present case, the defendant fails to provide any evidence, documentary or otherwise, establishing that the actions of the plaintiff or its agents were unlawful or violative of public policy, that the actions of the plaintiff were immoral, unethical or oppressive or that the actions of the plaintiff caused substantial injury to the defendant's consumers or other business persons. The plaintiff, on the other hand, submits an affidavit of Pellegrino in which he avers that neither he nor any employees of the auto recovery bureau questioned the defendant's neighbors as to the whereabouts of her automobile or acted in a manner that would harm the defendant. The defendant does not contradict the plaintiff's averment. Absent any evidence to the contrary, the defendant's CT Page 3240 mere assertions of fact and conclusions of law fail to establish a violation of CUTPA. Gupta v. New Britain General Hospital, supra,239 Conn. 583; 2830 Whitney Avenue Corp. v. Heritage Canal DevelopmentAssociates, Inc., supra, 33 Conn. App. 569. Accordingly, the court grants the plaintiff's motion for summary judgment as to count twelve of the defendant's counterclaim.
The court grants the plaintiff's motion for summary judgment as to its complaint in replevin because the plaintiff has established a prima facie case that the defendant has defaulted on the 1998 lease and because the defendant's special defense is legally insufficient. The court also grants the plaintiff's motion for summary judgment as to counts one through eleven and count thirteen of the defendant's counterclaim because the facts alleged in the counterclaim do not arise out of the same transactions and because the plaintiff has established a valid special defense to the defendant's counterclaim, namely, the defendant signed an agreement with the plaintiff waiving all of her rights against the plaintiff arising out of the 1994 lease. Also, the court grants the plaintiff's motion for summary judgment as to count twelve of the defendant's counterclaim because the defendant fails to allege facts sufficient to establish a violation of CUTPA.
HICKEY, J.