[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTIONS TO STRIKE
CT Page 12867
These consolidated actions arise from a December 5, 1991 purchase and sale agreement in which Sonitrol Security Systems of Hartford, Inc. (Sonitrol) agreed to purchase the assets of AA Electronic Security Engineering, Inc. (AA). The parties modified the purchase and sale agreement by amendment dated December 30, 1991 (Modified Agreement). Michael Zerbini was the sole shareholder of AA and Phyllis Zerbini was an officer and director of AA. The dispute derives from a $1,500,000 purchase price paid by Sonitrol to AA and Michael Zerbini. Pursuant to a formula set forth in the purchase and sale agreement, the actual purchase price is alleged to have totaled $1,422,426. The parties dispute the $77,573 difference;[1] the application of the purchase price formula; AA's use of a collection agency on accounts to be transferred to Sonitrol; and the recurring monthly revenue guaranty.
Both actions were commenced in December of 1997. AA is the plaintiff in Docket No. 576149 (First Action) and Sonitrol is the defendant. Sonitrol is the plaintiff in Docket No. 576373 (Second Action) and the Zerbinis are the defendants. Motions to consolidate were granted by the court on September 13, 1999. Presently before the court are motions to strike filed by AA and the Zerbinis in their respective actions.
In the First Action, AA filed a five-count complaint alleging breach of contract, equitable and statutory claims. In its revised answer, Sonitrol asserted seven special defenses including fraud, satisfaction, lack of capacity to commence the action, laches, setoff, and two statute of limitations special defenses, respectively, as well as several counterclaims. The first, second, fourth, fifth and sixth counterclaims allege breaches of the Modified Agreement. The third and seventh counterclaims allege unjust enrichment and fraud, respectively. AA has filed a motion to strike Sonitrol's special defenses and counterclaims on the grounds that (1) some of the counterclaims fail to state a cause of action; (2) the third special defense fails as a matter of law; and (3) that the breach of contract counterclaims fail to allege the satisfaction of conditions precedent to the enforcement of contractual rights.
In the Second Action, Sonitrol alleges breaches of the Modified Agreement in the first, second, fourth, fifth and sixth counts of its revised nine-count complaint. The third, seventh, eighth and ninth counts allege unjust enrichment, fraud, constructive trust and fraudulent transfer, respectively. The Zerbinis have filed a motion to strike that complaint brought by Sonitrol on multiple grounds. As the ground for striking the first, second, fourth, fifth and sixth counts, the Zerbinis contend that Sonitrol failed to allege satisfaction of the conditions precedent required for commencing a breach of contract action as provided CT Page 12868 in the purchase and sale agreement. With respect to the second count, the Zerbinis also contend that the plaintiff failed to plead the existence of a legal duty. As a ground for striking the third count, the Zerbinis claim that Sonitrol has an adequate remedy under the contract. In the seventh, eighth and ninth counts, the Zerbinis claim that Sonitrol has failed to state a cause of action. Finally, the Zerbinis contend that the complaint should be stricken to the extent that it involves AA, a necessary party not joined in the action.
 I Standard of Review
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 1998). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 588,693 A.2d 293 (1997). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Id., 580. The plaintiff is not required to expressly allege facts if they are necessarily implied. See Pamela B. v. Ment, 244 Conn. 296, 308,709 A.2d 1089 (1998).
 II Motion to Strike the Complaint in the Second Action[2] A Counts Alleging Breach of Contract
With respect to the Second Action, the Zerbinis argue that the first, second, fourth, fifth and six counts, alleging breaches of the Modified Agreement, should be stricken because Sonitrol failed to plead satisfaction of conditions precedent to the enforcement of the contract. Sonitrol contends that these counts are adequately pleaded because it alleged the existence of the contract, the breach of that contract and damages resulting therefrom.
"The key elements of a breach of contract action are: (1) the formation of an agreement; (2) performance by one party; (3) breach of the agreement by the other party and (4) damages." (Internal quotation marks CT Page 12869 omitted.) Ambrogio v. Beaver Road Associates, Superior Court, judicial district of New Britain at New Britain, Docket No. 475509 (November 16, 2000, Shapiro, J.). The allegations of the first, second, fourth, fifth and sixth count of the complaint sufficiently plead the elements required for breach of contract. The extent of the Zerbinis' argument supportive of striking the breach of contract counts consists of the following statement: "The First, [Second,] Fourth, Fifth, and Sixth counts do not allege compliance with any conditions precedent and accordingly must be stricken."[3] (Defendants' [Zerbinis'] Memorandum of Law, p. 9.) The contract is not attached as an exhibit to the complaint. The court, in a motion to strike, being limited to the allegations of the complaint;Faulkner v. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997); cannot determine whether there were in fact conditions precedent to the commencement of litigation. The Zerbinis, therefore, must await evidence to be adduced later at trial. See Liljedahl Bros., Inc. v.Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990) (where the legal grounds for a motion to strike are dependent upon facts not alleged in the plaintiff's complaint, the defendant must await the evidence at trial and the motion should be denied). The motion to strike the first, second, fourth, fifth and sixth counts on the foregoing ground is denied.
 B Second Count: Breach of Contract
The Zerbinis move to strike the second count of the complaint, which also alleges a breach of contract, on the additional ground that Sonitrol does not allege the existence of a duty on the part of Michael Zerbini to refund the overpayment. Sonitrol argues that the allegations of the second count are sufficient to state a cause of action for breach of contract.
The second count alleges that Sonitrol, AA, and Michael Zerbini entered into a Modified Agreement. Sonitrol paid $1,500,000 for the assets of the business. Pursuant to the agreement, a formula was used to determine the purchase price of $1,422,426. Sonitrol further alleges that the terms of the Modified Agreement required AA and Michael Zerbini to return the difference in price. These allegations sufficiently state a cause of action for breach of contract. Ambrogio v. Beaver Road Associates,
supra, Superior Court, Docket No. 475509. The motion to strike the second count on this ground also fails and is denied.
 C Unjust Enrichment CT Page 12870
The Zerbinis next argue that the third count (unjust enrichment), should be stricken because in the First Action, Sonitrol alleges a breach of contract in its counterclaim, and where there is a remedy under the contract a party may not recover under a theory of unjust enrichment. Sonitrol concedes that the breach of contract count in the First Action is inconsistent with the unjust enrichment count in the Second Action, but argues that alternative pleadings are permitted under Connecticut's rules of practice.
The elements of unjust enrichment are well established. "[Unjust enrichment's] three basic requirements are that (1) the defendant was benefitted, (2) the defendant unjustly failed to pay the plaintiff for the benefits, and (3) the failure of payment was to the plaintiff's detriment." Gagne v. Vaccaro, 255 Conn. 390, 409, 766 A.2d 416 (2001).
"Under our pleading practice, a plaintiff is permitted to advance alternative and even inconsistent theories of liability against one or more defendants in a single complaint." (Internal quotation marks omitted.) Danko v. Redway Enterprises, 254 Conn. 369, 379, 757 A.2d 1064
(2000). "[L]ack of a remedy under the contract is a precondition for recovery based upon unjust enrichment." Gagne v. Vaccaro, supra,255 Conn. 401. "While proof of an enforceable contract might preclude application of an unjust enrichment theory, the plaintiff may be unable to prove an enforceable contract and, at least in the early stage of the proceedings, is entitled to plead inconsistent [alternative] theories." (Internal quotation marks omitted.) Brooks v. Bobbins, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 377257 (January 19, 2001, Skolnick, J.); Consumer Incentive v. Memberworks, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 362655 (April 25, 2000, Melville, J.).
Although the alternative pleading cases generally involve alternative or inconsistent pleadings in the same file, there is no good reason to apply a different rule under the present circumstances where the two actions have been consolidated. The motion to strike the third count is denied.
 D Common Law Fraud
The Zerbinis seek to strike the seventh count of the complaint on the ground that the allegations are conclusory and that there is no allegation that the representations in question induced Sonitrol to take action. Sonitrol contends that it has properly pleaded a cause of action for common law fraud. CT Page 12871
"The essential elements of an action in common law fraud, as we have repeatedly held, are that: (1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury." Barbara Weisman, Trustee v. Kaspar, 233 Conn. 531, 539,661 A.2d 530 (1995).
Reviewing the allegations of the seventh count, Sonitrol has pleaded that the Zerbinis knowingly and fraudulently used several prohibited delinquent accounts in calculating the purchase price pursuant to the designated formula and received an inflated purchase price as a result. There is not, however, an allegation that Sonitrol was induced to take any action as a result of the fraudulent statement or that it did, in fact, act on the false representation. See, e.g., Walsh Securities, Inc.v. Daniels, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 350200 (November 1, 1999, Mottolese, J.) ("no allegation that the misrepresentations as to price and deposit induced the defendants to act"). The motion to strike count seven is therefore granted.
 E Constructive Trust
The eighth count alleges a constructive trust on property held by Phyllis Zerbini. The Zerbinis seek to have the eighth count stricken on the ground that there are no allegations of wrongdoing or misconduct on the part of Phyllis Zerbini. Sonitrol argues that it has properly pleaded a count for constructive trust against Phyllis Zerbini. Specifically, Sonitrol contends that "Phyllis Zerbini knew of the fraudulent acts of her husband, received the proceeds of that fraud, and that, as a result, [Sonitrol] was harmed." (Objection to Motion to Strike, p. 7).
"Our general standards governing the imposition of a constructive trust are well established. [A] constructive trust arises contrary to intention and in invitum, against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy. . . . Moreover, the party sought to be held liable for a constructive trust must have engaged in conduct that wrongfully harmed the plaintiff" (Internal quotation marks omitted.)Wendell Corporation Trustee v. Thurston, 239 Conn. 109, 113, 680 A.2d 1314
CT Page 12872 (1996).
The allegations in the eighth count that pertain to Phyllis Zerbini are very limited. There are allegations concerning where she lives and her relationship to AA. There are allegations that Phyllis Zerbini was aware of the fraudulent conduct alleged in the seventh count and that she received certain distributions from AA as a result of the alleged fraud. There is also an allegation that she is in possession of funds distributed to her from AA. Since the eighth count regarding Phyllis Zerbini is dependent on the fraud allegations of the seventh count, i.e, twenty-two of the eighth count's twenty-six paragraphs are incorporated from the seventh count and the allegations of the seventh count were insufficient to state a cause of action for fraud, the eighth count is also deficient. Accordingly, the motion to strike the eighth count is granted.
 F Fraudulent Transfer
The ninth count alleges a fraudulent transfer of assets from Michael Zerbini to his wife Phyllis Zerbini. The Zerbinis seek to strike the ninth count on the ground that Sonitrol failed to allege that Michael Zerbini, as a result of the transfer, was disabled from paying his obligations or that the transfer was made with a fraudulent intent to conceal property from creditors. (Memorandum in Support of Motion to Strike, p. 12.) Sonitrol argues that it has alleged sufficiently that the conveyance was made with a fraudulent intent in which Phyllis Zerbini participated.
"The party seeking to set aside a conveyance as fraudulent bears the burden of proving either: (1) that the conveyance was made without substantial consideration and rendered the transferor unable to meet his obligations; or (2) that the conveyance was made with a fraudulent intent in which the grantee participated. . . . The party seeking to set aside the conveyance need not satisfy both alternatives. . . ." (Citations omitted; internal quotation marks omitted.) Shawmut Bank v. BrooksDevelopment Corp., 46 Conn. App. 399, 405-6, 699 A.2d 283 (1997). "Where a claim for damages is based upon fraud, the mere allegation that a fraud has been perpetrated is insufficient; the specific acts relied upon must be set forth in the complaint." Maruca v. Phillips, 139 Conn. 79, 81,90 A.2d 159 (1952); Diviney v. Smith, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 287011 (February 26, 1992, Katz,J.).
Sonitrol essentially concedes that the allegations of the ninth count CT Page 12873 do not allege a fraudulent conveyance under the first prong. They maintain, however, that they have properly pleaded a fraudulent conveyance under the second prong of the test. Specifically, Sonitrol alleges that Michael Zerbini fraudulently transferred assets to Phyllis Zerbini and that she knowingly and fraudulently received those assets. Again, as with the eighth count, the allegations of the ninth count are dependent on the fraud allegations of the seventh count. As the seventh count fails to properly plead fraud, the ninth count is similarly deficient. Accordingly, the motion to strike the ninth count is granted.
 G Nonjoinder of a Necessary Party
The Zerbinis next argue that the court should grant the motion to strike "to the extent [the counts] allege claims involving AA in that AA is a necessary party to this action . . . Sonitrol does not address this issue.
"In Sturman v. Socha, 191 Conn. 1, 6-7, 463 A.2d 527 (1983), [the Connecticut Supreme Court] defined necessary parties as [p]ersons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it. . . . [B]ut if their interests are separable from those of the parties before the court, so that the court can proceed to a decree, and do complete and final justice, without affecting other persons not before the court, the latter are not indispensable parties. . . . In short, a party is necessary if its presence is absolutely required in order to assure a fair and equitable trial." (Citations omitted; internal quotation marks omitted.)Biro v. Hill, 214 Conn. 1, 5-6, 570 A.2d 182 (1990).
The revised complaint in the first, fourth, fifth, six and seventh counts alleges that both Michael Zerbini and AA took actions in breach of the Modified Agreement.[4] AA, however, is not a named defendant in the Second Action. Assuming that AA is a necessary party, it is not appropriate to strike the complaint on this ground. In the First Action, the first, fourth, fifth, six and seventh counterclaims substantially reflect the allegations that the Zerbinis are seeking to strike in the Second Action. As noted earlier, these cases have been consolidated and all the parties are before the court confronting similar allegations. The court, therefore, will be able to "finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it." Biro v. Hill, supra, 214 Conn. 5. The motion to strike on this ground is denied. CT Page 12874
 III Motion to Strike Special Defenses and Counterclaims in the First Action
AA's motion to strike filed in the First Action attacks the sufficiency of some of Sonitrol's special defenses and counterclaims. "Whenever any party wishes to contest . . . the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39(5). As with counterclaims, "the court must accept as true the facts alleged in the special defenses and construe them in the manner most favorable to sustaining their legal sufficiency."Barasso v. Rear Still Hill Road, LLC, 64 Conn. App. 9, 13, ___ A.2d ___
(2001). "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) Danbury v. Dana Investment Corp., 249 Conn. 1,17, 730 A.2d 1128 (1999); Practice Book § 10-50.
 A Timeliness of Motion to Strike
Sonitrol objects to AA's motion to strike certain special defenses and counterclaims on the procedural ground of timeliness. Specifically, Sonitrol argues that it filed a motion for default for failure to plead and that a motion to strike may not be filed before the default has been set aside. See, e.g., Papadopoulos v. Josem, Superior Court, judicial district of Stamford/Norwalk at Stamford (May 12, 2000, D'Andrea, J.). A review of the file, however, indicates that AA's motion to strike was filed on May 29, 2001 at 9:04 a.m. Sonitrol's motion for default for failure to plead was filed on the same day at 2:06 p.m. Accordingly, the clerk denied the motion for default as the motion to strike had been filed. Practice Book § 10-6. Because the motion for default for failure to plead was denied, Sonitrol's objection to the motion to strike on this ground is improper.
 B First Special Defense and Seventh Counterclaim: Fraud
The first special defense and the seventh counterclaim both allege fraud. AA challenges the allegations of the first special defense and the seventh counterclaim on the same ground on which the Zerbinis attacked CT Page 12875 the fraud allegation in the seventh count of the complaint in the Second Action. See part II, D of this opinion. Sonitrol argues that it has sufficiently pleaded both the special defense and the seventh counterclaim.
The allegations pertinent to the motion to strike the first special defense and the seventh counterclaim are substantially similar to the allegations of the seventh count in the Second Action. These allegations, therefore, are similarly flawed. The motion to strike the first special defense and the seventh counterclaim is granted.
 C Third Special Defense: Capacity to Commence Action
The third special defense alleges that AA forfeited its corporate status as of October 1, 1993 and, therefore, has no capacity to commence the present action. AA contends that it does have the capacity to commence the present action pursuant to General Statutes § 33-884
(b).[5] Sonitrol does not contest this argument. The plaintiff has the capacity to commence the present action on the basis of the plain language of the statute. The motion to strike the third special defense is denied.
 D Fourth Special Defense: Laches
The fourth special defense claims that the present action is barred by the doctrine of laches. AA argues in support of its motion to strike the fourth special defense that Sonitrol has pleaded only a legal conclusion and not that it was prejudiced. Sonitrol argues that the facts alleged in the complaint are sufficient to support a claim of the doctrine of laches.
Sonitrol's argument in opposition to AA's motion to strike the fourth special defense was rejected in Shuster v. Shuster, Superior Court, judicial district of Ansonia/Milford at Milford (May 23, 2000, Nadeau,J.). In Shuster, the defendant failed to allege facts to support his claim of the doctrine of laches and merely pleaded that "[t]he right of action stated in the Complaint is barred by the doctrine of laches." Id. The court held that the pleading was a legal conclusion unsupported by factual allegations.
As previously noted, the purpose of a special defense is to plead facts consistent with the allegations of the complaint but that demonstrate CT Page 12876 that the plaintiff has no cause of action. Danbury v. Dana InvestmentCorp., supra, 249 Conn. 17. As Sonitrol has merely stated in its fourth special defense that "[t]his action is barred by the doctrine of laches," the motion to strike the fourth special defense is granted.
 E Fifth, Sixth and Seventh Special Defenses: Setoff and Statute of Limitations.
The fifth special defense alleges that "[t]he defendant [Sonitrol] has a right to a setoff as a result of the Defendant's overpayment of the purchase price to the Plaintiff." AA argues that Sonitrol has not pleaded sufficient facts to sustain the fifth special defense. Sonitrol counters that reference to the complaint provides sufficient facts to support their claim of setoff.
The Connecticut Supreme Court has defined setoff as "a debt independent of the transaction alleged in the complaint." Savings Bank of New Londonv. Santaniello, 130 Conn. 206, 211, 33 A.2d 126 (1943). "The law of set-off is governed by General Statutes § 52-139 (a), the relevant portion of which provides that `[i]n any action brought for the recovery of a debt, if there are mutual debts between the plaintiff . . . and the defendant . . . one debt may be set-off against the other.' `A condition precedent to the application of § 52-139 is that the defendant's claim arise from a debt due by the plaintiff.'" Hope's Architectural Prod.,Inc. v. Fox SI, Co., 44 Conn. App. 759, 762, 692 A.2d 829 (1997). The allegations of the fifth special defense, viewed broadly, sufficiently plead a setoff.
The six and seventh special defenses allege only that the fourth and fifth counts of the complaint are barred by their respective statutes of limitation.[6] As noted previously in the context of special defenses, defendants need to plead facts consistent with the allegations that nevertheless demonstrate that the plaintiff has no cause of action. AA has pleaded solely that the action is barred by the applicable statute of limitations. Thus, the allegations of the six and seventh special defenses amount to no more than legal conclusions. Legal conclusions are not proper pleadings and are subject to motions to strike. Faulkner v.United Technologies Corp., supra, 240 Conn. 588. Accordingly, the motion to strike the six and seventh special defenses is granted.
 F Counterclaims Alleging Breaches of Contract CT Page 12877
The first, fourth, fifth and sixth counterclaims allege a breach of contract. AA advances the same argument in support of its motion to strike these counterclaims as the Zerbinis asserted to strike the first, fourth, fifth and six counts of the complaint in the Second Action. See Part II, A of this opinion. For the same reasons that the motion to strike the breach of contract counts of the complaint in the Second Action were denied, the motion to strike the breach of contract counterclaims is also denied.
 IV CONCLUSION
After reviewing the allegations, arguments and applicable law, the Zerbinis' motion to strike the complaint in the Second Action is denied with respect to the first, second, third, fourth, fifth and sixth counts. With respect to the seventh, eight, and ninth counts, the Zerbinis' motion to strike is granted.
In the First Action. AA's motion to strike the first, fourth, fifth and sixth counterclaims is denied. AA's motion to strike Sonitrol's third and fifth special defenses is also denied. AA's motion to strike Sonitrol's first, fourth, sixth and seventh special defenses, however, is granted.
It is so ordered.
BY THE
Peck, J.