[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON APPLICATIONS FOR DISCHARGE OF MECHANIC'S LIENS (#101, #103)
I. Facts:
On November 10, 1999, the plaintiffs, Christopher Peltier and Lisa Peltier, filed, pursuant to General Statutes § 49-35a
(a), two separate applications to discharge mechanic's liens filed on their property located at 16 Colchester Avenue, East Hampton, CT (the premises).[1] The Peltiers seek a discharge of the mechanic's liens filed by Stevenson Lumber Company-Suffield, Inc. (Stevenson) and James Dudas d/b/a Complete Electrical (Dudas) on the ground that there is not probable cause to sustain the validity of the mechanic's liens.
On January 7, 2000, the Peltiers filed a memorandum of law in support of their applications for discharge of the mechanic's liens and on January 9, 2000, Stevenson filed a brief in opposition. On January 7, 2000, Dudas filed a stipulation agreement stating that he agreed to be bound by the court's decision in the matter of Christopher Peltier, et al. v.Stevenson Lumber Company-Suffield, Inc., Docket No. CV 99 0090651.
The parties' pleadings reveal the following facts. On February 12, 1999, the Peltiers entered into an agreement with New England Fine Homebuilding, Inc. (the general contractor) for the CT Page 3149 construction of a home on the premises for $116,445.00. Stevenson and Dudas were subcontractors with respect to the work performed on the premises. In July 1999, the general contractor ceased performing work on the premises. In exchange for the work the general contractor performed, the Peltiers paid the general contractor $43,615.00 in progress payments. The Peltiers maintain that these payments covered the work performed by Stevenson and Dudas and that there is no claim by the general contractor for any additional amount due.
The general contractor did not remit any portion of the payments it received from the Peltiers to Stevenson or Dudas. Subsequently, Stevenson and Dudas filed, pursuant to General Statutes § 49-33 (a), mechanic's liens on the premises in the amounts of $16,037.38 and $1,700.00, respectively.[2]
II. Standard:
Section 49-35b of the General Statutes provides, in relevant part, that "(a) [u]pon the hearing held on the application . . . set forth in section 49-35a, the lienor shall first be required to establish that there is probable cause to sustain the validity of his lien. Any person entitled to notice under section 49-35a
may appear, be heard and prove by clear and convincing evidence that the validity of the lien should not be sustained. . . . (b) Upon consideration of the facts before it, the court . . . may: (1) Deny the application or motion if probable cause to sustain the validity of the lien is established; or (2) order the lien discharged if (A) probable cause to sustain its validity is not established, or (B) by clear and convincing evidence its invalidity is established. . . ."
III. Discussion:
The Peltiers argue that the mechanic's liens should be discharged because under the doctrine of subrogation employed in General Statutes § 49-33 (f), a subcontractor can only enforce a mechanic's lien against an owner of premises to the extent that a general contractor could enforce such a lien. Therefore, as the general contractor has already been paid, Stevenson and Dudas, as subcontractors who are subrogated to the rights of the general contractor, have no authority to file mechanic's liens on the premises. In response, Stevenson argues that, at the hearing of this matter on December 20, 1999, the Peltiers failed to prove by clear and convincing evidence that its mechanic's lien should not CT Page 3150 be sustained. Specifically, Stevenson argues that, because the value of the work performed by the general contractor was substantially in excess of the amount paid to the general contractor, the Peltiers would be unjustly enriched if its mechanic's lien is discharged.
"Under Connecticut law, a subcontractor's right to enforce a mechanic's lien against a property owner is based on the doctrine of subrogation. . . ." W.G. Glenney Co. v. Bianco,27 Conn. App. 199, 201, 604 A.2d 1345 (1992). Section 49-33 (f) of the General Statutes provides, in pertinent part, that a "subcontractor shall be subrogated to the rights of the person through whom the subcontractor claims. . . ." This statute limits the fund to which a subcontractor's mechanic's lien may attach. See Rene Dry Wall Co. v. Strawberry Hill Associates,182 Conn. 568, 571-72, 438 A.2d 774 (1980). It limits "the totality of mechanic's liens to the unpaid contract debt owed by the owner to the general contractor." Seaman v. ClimateControl Corp. , 181 Conn. 592, 601-02, 436 A.2d 271 (1980).
The theory of subrogation limits the recovery of subcontractors to the unpaid claims of general contractors in order to protect owners of property from making double payments to general contractors and subcontractors. See Seaman v. Climate ControlCorp. , supra, 181 Conn. 602. "If . . . a general contractor receives progress payments that are not turned over to those who have done the work represented by the progress payments, and ultimately defaults entirely, the owner making such payments and completing such a job is protected as long as the owner acts in good faith and reasonably. . . ." Rene Dry Wall Co. v. StrawberryHill Associates, supra, 182 Conn. 573.
At the hearing of this matter on December 20, 1999, the Peltiers established that they paid the general contractor $43,615.00 for the work performed on the premises. Stevenson has not provided any evidence that the general contractor has a claim for any additional amount due. Nor has Stevenson made a claim of lack of good faith on behalf the Peltiers. Consequently, because the general contractor has no claim against the Peltiers and Stevenson's rights are derivative of the general contractor's, Stevenson has no authority to enforce a mechanic's lien on the premises. As such, Stevenson has failed to establish probable cause to sustain the validity of its mechanic's lien under § 49-35b (b)(2)(A). CT Page 3151
Stevenson's argument is essentially one of unjust enrichment. "Some statutes in other states justify mechanic's liens on the owner's property on the basis that the owner is otherwise unjustly enriched by the improvement of his property. . . . That is not our law. In this state, a subcontractor's right to a mechanic's lien is said to flow from his equitable entitlement to the lien which would otherwise attach in favor of the general contractor." Seaman v. Climate Control Corp. , supra,181 Conn. 601. See also Hall v. Peacock Fixture Electric Co.,193 Conn. 290, 296, 475 A.2d 1100 (1984) ("[W]e specifically [reject] the argument that a mechanic's lien may be founded on the basis that the owner is unjustly enriched by the improvement of its property."). Accordingly, whether the Peltiers have been unjustly enriched has no bearing on the present matter.
IV. Conclusion:
For the reasons herein stated, it is concluded that the Peltiers' applications for discharge of the mechanic's liens, in Docket Nos. CV 99 0090651 and CV 99 0090652, ought to be and are hereby granted.
It is so ordered.
By the court,
Arena, J.