[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
FACTS AND PROCEDURAL HISTORY
In May of 1999, plaintiffs entered into a contract (the "contract") with Elegant Construction ("Elegant") for the construction of a home in Torrington, Connecticut. Pursuant to the contract Elegant was responsible for performance of all the work and for providing payment for all labor CT Page 9728 and materials. The contract price was $398,564.92. The defendant Iffland Lumber Company, Inc. was a subcontractor that supplied materials used in the construction of the home. Iffland filed a mechanic's lien under General Statutes § 49-33 alleging that it has not been paid for the materials supplied for the construction of the home. The plaintiffs seek a discharge of the mechanic's lien filed by the defendant on the grounds that there is not probable cause to sustain the validity of the lien.
STANDARD
General Statutes § 49-35b provides, in relevant part, that "(a) [u]pon the hearing held on the application . . . set forth in section49-35a, the lienor shall first be required to establish that there is probable cause to sustain the validity of his lien. Any person entitled to notice under section 49-35a may appear, be heard and prove by clear and convincing evidence that the validity of the lien should not be sustained. . . . (b) Upon consideration of the facts before it, the court . . . may: (1) Deny the application or motion if probable cause to sustain the validity of the lien is established; or (2) order the lien discharged if (A) probable cause to sustain its validity is not established, or (B) by clear and convincing evidence its invalidity is established . . .
DISCUSSION
The Plaintiffs argue that the mechanic's lien should be discharged because under the doctrine of subrogation set forth in General Statutes § 49-33 (f), which indicates that a subcontractor can only enforce a mechanic's lien against an owner of premises to the extent that a general contractor could enforce such a lien. Therefore, as the general contractor has already been paid, the defendant is merely subrogated to the rights of the general contractor and has no authority to file a mechanic's liens on the premises. The defendant argues that because the defendant was not paid by Elegant for the materials used in the construction, the lien should not be discharged.
"Under Connecticut law, a subcontractor's right to enforce a mechanic's lien against a property owner is based on the doctrine of subrogation. "W.G. Glenney Co. v. Bianco, 27 Conn. App. 199, 201 (1992). General Statute § 49-33 (f) provides, in pertinent part, that a "subcontractor shall be subrogated to the rights of the person through whom the subcontractor claims. . . ." This limits the fund to which a subcontractor's mechanic's lien may attach "to the unpaid contract debt owed by the owner to the general contractor." Seaman v. Climate ControlCorp., 181 Conn. 592, 602 (1980). CT Page 9729
The theory of subrogation protects property owners by limiting the recovery of subcontractors to the unpaid claims of general contractors, thereby preventing owners from making double payments to general contractors and subcontractors. Peltier v. Stevenson Lumber Company,
Superior Court, judicial district of Middlesex at Middletown, Docket Nos. 090651 and 090652 (Mar. 23, 2000, Arena, J.) (26 Conn. L. Rptr. 697), citing Seaman v. Climate Control Corp., supra, 181 Conn. 602. "If . . . a general contractor receives progress payments that are not turned over to those who have done the work represented by the progress payments, and ultimately defaults entirely, the owner making such payments and completing such a job is protected as long as the owner acts in good faith and reasonably. . . ." Rene Dry Wall Co. v. Strawberry HillAssociates, 182 Conn. 568, 573 (1980).
At the hearing on this matter, the plaintiffs established that they paid $458,059.56 for the work performed on the premises including amounts paid over the allowances provided under the contract. The defendant has not provided any evidence that the general contractor has a claim for any additional amount due, nor has the defendant provided any evidence of lack of good faith on behalf the plaintiffs. Consequently, because the general contractor has no claim against the plaintiffs and because the defendant's rights are derivative of the general contractor's rights, the defendant has no authority to enforce a mechanic's lien on the premises. As such, the defendant has failed to establish probable cause to sustain the validity of its mechanic's lien under § 49-35b (b)(2)(A).
The defendant's argument is essentially one of unjust enrichment. "Some statutes in other states justify mechanic's liens on the owner's property on the basis that the owner is otherwise unjustly enriched by the improvement of his property. . . . That is not our law. In this state, a subcontractor's right to a mechanic's lien is said to flow from his equitable entitlement to the lien which would otherwise attach in favor of the general contractor." Seaman v. Climate Control Corp., supra,181 Conn. 601; see also Hall v. Peacock Fixture Electric Co.,193 Conn. 290, 296 (1984) ("we specifically [reject] the argument that a mechanic's lien may be founded on the basis that the owner is unjustly enriched by the improvement of its property"). Accordingly, whether the plaintiffs have been unjustly enriched has no bearing on the present matter.
CONCLUSION
For the reasons herein stated, it is concluded that the plaintiffs' application for discharge of the mechanic's lien ought to be and hereby is granted. CT Page 9730
Cremins, J.